## UNITED STATES *v.* WILCOX.

Sects. 73 and 74 of the act entitled "An Act imposing taxes on distilled spirits and tobacco, and for other purposes," approved July 28, 1868 (15 Stat. 157), were not intended to repeal the rule prescribed by sect. 24 of the act of July 13, 1866 (14 id. 153), as amended by sect. 9 of the act of March 2, 1867 (id 473), for the allowance of commissions to collectors of internal revenue upon taxes collected by them for articles removed from one district to a bonded warehouse in another district.

APPEAL from the Court of Claims.

This was an action by Wilcox to recover from the United States certain commissions which he claimed were due to him as a collector of internal revenue upon taxes collected by him for articles removed in bond from his district to another.

The Court of Claims found the following facts: —

1. Under the provisions of the act of July 20, 1868, c. 186, sect. 73, 15 Stat. 157, the Commissioner of Internal Revenue designated and established at different ports of entry bonded warehouses for the storage of manufactured tobacco and snuff in bond intended for exportation, under the control of the collector of internal revenue in charge of exports at the port and in the district where located.

2. The commissioner promulgated the following instructions and regulations applicable to the withdrawal of tobacco from said warehouses for consumption, so far as material in this case: —

"The law makes no provision for the removal of tobacco in bond without payment of tax, except such tobacco and snuff as are intended for export. . . .

"Sect. 73 of the act of 1868, c. 186, provides . . . that said goods may be withdrawn from warehouses either for immediate export to a foreign country, or after the tax has been paid thereon. . . .

"The following rules and regulations are prescribed for the deposit in, and the withdrawal from, any export bonded warehouse of . . . manufactured tobacco and snuff. . . .

"WITHDRAWAL AFTER PAYMENT OF TAX.

"The party desiring to withdraw manufactured tobacco or snuff from an export bonded warehouse, after the tax has been paid

thereon, will file with the collector an entry for withdrawal in the following form, describing the goods as they were entered for warehousing, viz. : —

"ENTRY FOR WITHDRAWAL.

" Entry of merchandise intended to be withdrawn from the export bonded warehouse of      , at _      , in the      district of the State of      , by      , for consumption, on payment of the taxes, the same having been stored in said warehouse by      , on the      day of      ; 18    , and which were described as follows, viz. : —

•          •          •          •          •          •          •

" The taxes having been fully paid and the stamps affixed and cancelled, the collector will issue a permit for the delivery of the goods, which permit must be presented to the assessor of the dis- trict for his certificate that the same has been presented to him, and that the amount of taxes paid thereon has been entered in his bonded account of the district."

And the collector was required to certify that the full amount of tax due and owing thereon had been paid to him.

3. The claimant was collector of internal revenue for the Fifth Collection District of Virginia from April, 1869, to March, 1871, as alleged in his petition.

4. During the time the claimant was collector as aforesaid, there were removed from manufactories in his district, with- out the payment of tax thereon, and transported directly to ex- port warehouses in other districts, under the provisions of sect. 74 of said act, 15 Stat. 157, and the regulations of the com- missioner, a large quantity of manufactured tobacco, to each package of which was affixed, by said collector, an engraved stamp, as required by said section.

5. Of the tobacco so removed from manufactories in the dis- trict of the claimant, and shipped to export bonded warehouses in other districts, there was withdrawn by the owners from said warehouses, to be sold in districts other than that of the claim- ant, and not for export, in accordance with the regulations of the commissioner mentioned in the second finding, a large quantity of tobacco, and the tax thereon was paid to the col- lectors in the districts where said warehouses were situated.

6. Adding one-half the amount of the tax received on the

quantity of tobacco shipped from the claimant's district, as set forth in the fourth finding, and withdrawn from the warehouses in other districts to be sold, as stated in the fifth finding, to the amount of taxes collected by the claimant on which his commissions were calculated, if. he was entitled to have such addition made under the provisions of the act of June 30, 1864, c. 173, § 25, 13 Stat. 231, as amended by the act of July 13, 1866, c. 184, § 9, 14 id. 106, and the act of March 2, 1867, c. 169, § 9, id. 171, the claimant would be entitled to additional commissions amounting to the sum of $1,020, which has not been paid to him.

As a conclusion of law, the court found that the claimant was entitled to recover the sum of $1,020, and rendered judgment accordingly.

The United States then appealed here.

*The Solicitor-General,* for the United States.

*Mr. J. G. Kimball,* contra.

Mr. Justice Strong delivered the opinion of the court.

We agree with the Court of Claims in the opinion that the act of Congress of July 20, 1868, c. 186, §§ 73, 74, was not intended to change the rule prescribed by the act of July 13, 1866, c. 184, § 24, 14 Stat. 153; as amended by the act of March 2, 1867, id. 473, for the allowance of commissions to collectors of internal revenue upon taxes collected by them for articles removed from one district to a bonded warehouse in another district. The purposes of the act were distinct.

The act of June 30, 1864, as amended by the ninth section of the act of July 13, 1866, enacted that manufactured tobacco might be removed from the place where manufactured to a bonded warehouse in another collection district without payment of the tax, under certain treasury regulations, and might be withdrawn from the bonded warehouse on payment of the tax, or removed for export to a foreign country without such payment. The warehouses provided were for two purposes,— one for the custody of tobacco designed for export, and the other for custody of tobacco designed either for export or for domestic consumption or sale. Whenever the tobacco was removed for the latter uses, and when, consequently, the tax was

paid to the collector of the district in which the warehouse was situated, the proviso inserted by the act of 1866 divided the commissions on the tax between the collector of that district and the collector of the district from which the tobacco had been removed.

Such was the law when the act of 1868 was enacted. That act was plainly intended to throw around the removal of the manufactured tobacco greater security against evasion of payment of the tax upon it than had existed before. In no manner did it attempt to deal with the subject of collectors' commissions. Nor did it relieve collectors from any of the duties incumbent upon them before. We cannot better express our opinion of it than by adopting the language of the Court of Claims:—

" The only real changes effected were the substitution of export bonded warehouses for internal bonded warehouses, and requiring the owners of tobacco shipped from the manufactory to the warehouses to affix to each package an engraved stamp, for which he paid to the government through the collector of the shipping district twenty-five cents, and which was to be indicative of the owner's intention to export the package. But, notwithstanding that stamp, the owner was not bound to export the tobacco, but was permitted to withdraw it from bond for consumption on payment of the taxes due thereon, precisely as before.

" And it is upon this narrow construction that the defence in this case rests; that because under the act of 1868 tobacco could be shipped in bond from the manufactory only with a stamp thereon indicative of the intention of the owner to export it, while the language of the proviso of 1866 referred to articles ' shipped in bond to be sold in another district,' therefore the commissions of collectors were to be calculated on a different basis in the two cases, upon taxes collected in like manner upon tobacco shipped in bond from the manufactory and withdrawn for consumption from the bonded warehouse alike under both acts.

" In our opinion, the Fortieth Congress, in passing the act of 1868, c. 186, had no such intention and expressed no such will; and to adopt the construction contended for by the defendants would be to defeat the clearly established policy of Congress in this particular, by giving substantial force to language not material to the subject-matter legislated upon, and by establishing an incidental and accidental change of the law beyond the contemplation of the legislators." *Judgment affirmed.*