### IDA E. JOHNSON

*v.*

### THE PEOPLE OF THE STATE OF ILLINOIS.

'173  131
177  571

*Opinion filed April 21, 1898.*

1. CRIMINAL LAW—*law changing punishment after commission of an offense is an ex post facto law.* A law passed after the commission of an offense, which changes the punishment to be inflicted therefor to the prejudice of the accused, is an *ex post facto* law and invalid as to such offense.

2. SAME—*Indeterminate Sentence law not applicable to previous offenses.* The punishment for an offense committed before the Indeterminate Sentence law of 1895 went into effect should be fixed by the verdict of the jury in accordance with the law as it existed at the time the offense was committed, though the trial is had after the new law took effect.

WRIT OF ERROR to the Circuit Court of Knox county; the Hon. JOHN J. GLENN, Judge, presiding.

J. A. MCKENZIE, and F. F. COOKE, for plaintiff in error.

E. C. AKIN, Attorney General, and EUGENE W. WELCH, States Attorney, for the People.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

Plaintiff in error was indicted at the February term, 1895, of the circuit court of Knox county, for the murder of her husband, Charles F. Johnson. On a trial had at the June term, 1895, of the circuit court of Knox county she was tried on the charge of murder and convicted of the crime of manslaughter, and the punishment fixed at imprisonment in the penitentiary for the term of ten years. On motion of the defendant a new trial was awarded. At the November term, 1897, the case was again tried, and the question of the sanity of the defendant was submitted to the jury with the other evidence in the cause, and the jury found the defendant guilty of manslaughter. A motion for a new trial and in arrest of judgment was overruled and judgment entered on the verdict, and the defendant was sentenced under the Indeterminate Sentence law of 1895.

The evidence shows that the defendant shot and killed Charles F. Johnson in the month of December, 1894. By section 146 of the Criminal Code it is provided that whoever is guilty of manslaughter shall be punished by imprisonment in the penitentiary, and where the accused is found guilty by a jury they shall fix the punishment by their verdict. This was the act in force at the time the offense charged was committed. By section 1 of an act entitled "An act in relation to the sentence of persons convicted of crime, and providing for a system of parole," approved June 15, 1895, (Laws of 1895, p. 158,) it was provided: "Every person over twenty-one years of age who shall be convicted of a felony, or other crime punishable by imprisonment in the penitentiary, excepting treason and murder, shall be sentenced to the penitentiary, but the court imposing such sentence shall not fix the limit

or duration of the sentence, and the term of imprison-
ment of any person so convicted and sentenced shall not
exceed the maximum term nor be less than the minimum
term provided by law for the crime for which the person
was convicted and sentenced, making allowance for good
time as now provided by law." That act had no saving
clause with reference to offenses committed before its
passage.  By an act entitled "An act to amend an act in
relation to the sentence of prisoners convicted of crime,
and providing for a system of parole, approved June 15,
1895," which act was approved June 10, 1897, (Laws of
1897, p. 203,) section 1 of the act of 1895 was amended so
as to read as follows:  "That every person over twenty-
one years of age who shall be convicted of a felony, or
other crime punishable by imprisonment in the peniten-
tiary, excepting treason, murder, manslaughter and rape,
shall be sentenced to the penitentiary, but the court im-
posing such sentence shall not fix the limit or duration
of the sentence, and the term of imprisonment of any
person so convicted and sentenced shall not exceed the
maximum term provided by law for the crime for which
the person was convicted and sentenced, making allow-
ance for good time as now provided by law." This latter
act was in force at the time of the trial of the defendant,
on which the conviction as shown by this record was
had.  The question to be determined on this record with
reference to the sentence in this case is, whether the de-
fendant should have been sentenced under the Indeter-
minate Sentence act, or have been sentenced under the
act as it stood at the time of the trial or the act in force
at the time the offense was committed.

The rule is, that if the law by which punishment is to
be inflicted is changed to the prejudice of the defendant
after the commission of the crime, it is an *ex post facto*
law, and invalid as to such offense. (*Hartung* v. *People*, 22
N. Y. 95; *Commonwealth* v. *McDonough*, 13 Allen, 581; *Shep-
ard* v. *People*, 25 N. Y. 406; *State* v. *Sneed*, 25 Tex. 66; *Garvey*

v. *People,* 6 Col. 559; *Kring* v. *Missouri,* 107 U. S. 221.) By the law in force at the time this alleged offense was committed, the punishment for manslaughter might be imprisonment for life or for any number of years. Under the Indeterminate Sentence act, adopted in 1895, the punishment could not be less than the minimum and might extend to the maximum punishment. By the amendatory act of 1897 the punishment for manslaughter was left to be fixed by the jury in the same manner as it existed prior to the act of 1895, and that law was in force at the time of the trial of this case.

By section 4 of chapter 131 of the Revised Statutes, entitled "An act to revise the law in relation to the construction of statutes," approved March 5, 1874, it was provided: "No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding. If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect. This section shall extend to all repeals, either by express words or by implication, whether the repeal is in the act making any new provision upon the same subject, or in any other act." Under these provisions of the statute the defendant in this case, who was tried by a jury, was entitled to have the jury fix the punishment by their verdict, under the act as it stood at the time of the commission of the crime.

Other questions are raised in this case which it is unnecessary to discuss.

For the error in convicting and sentencing defendant under the Indeterminate Sentence act of 1895 the judgment is reversed and the cause remanded.

*Reversed and remanded.*