## JOHN G. BROWN

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed December 20, 1905.*

CRIMINAL LAW—*when act of 1903, making administrator guilty of larceny in certain cases, does not apply.* The act of 1903, (Laws of 1903, p. 156,) making an administrator guilty of larceny who fails, without good cause, to turn over funds of the estate received by him when demanded, does not apply to an administrator who many years before the passage of the act loaned money of the estate in good faith, which, by reason of the subsequent insolvency of the borrower, he has never been able to collect, and who never had the funds to pay over on demand after the passage of the act.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. GEORGE KERSTEN, Judge, presiding.

This was an indictment of the plaintiff in error by the grand jury of Cook county on July 30, 1904, charging him with larceny in violation of an act of the legislature of Illinois approved May 13, 1903, whereby an administrator who, without good cause, fails or refuses to account for or pay over money or other property when legally required so to do, is made guilty of larceny.

The plaintiff in error was on September 15, 1892, appointed administrator of the estate of his father, James M. Brown, deceased, by the probate court of Cook county. He gave a bond, with Michael C. McDonald and George V. Hankins as sureties, in the penal sum of $50,000. The heirship, as established, was, Amanda C. Brown, widow; John G. Brown, the plaintiff in error, son and administrator; Luna R. Testard, daughter; James T. Brown, son; Annie L. Stouffer, daughter; and Billy Brown, son. The administrator's report showed the receipt of $87,400.66. Various sums of money were disbursed by the plaintiff in error as administrator, and on June 7, 1893, the remaining assets of the estate in his hands were $32,513.04. This money be-

longed to the heirs of James M. Brown, of whom the plaintiff in error was one. On June 7, 1893, Hankins, one of the sureties on the bond of plaintiff in error, sent for him—he, Brown, being at that time in St. Louis—to come to Chicago. Plaintiff in error came to Chicago, and Hankins, the surety, stated that the Globe Savings Bank, in which this money was deposited, was in bad shape and it was probable that it was going to fail; that on that account he did not think the money was safe in the bank, and that if plaintiff in error did not let him, Hankins, take the money, he would cease to be surety upon the bond. Thereupon plaintiff in error loaned the whole sum to Hankins, the surety on his bond, taking therefor a note signed by Hankins and another, dated June 7, 1893, and payable fifteen months after date. The endorsements on the back of this note show payments by Hankins from time to time prior to January 1, 1898, amounting to a little over $5000, but no more was ever paid by him so far as the record shows. The payments so made were properly distributed and are not in any way involved in the present proceeding.

Plaintiff in error states in his evidence that he loaned the money to Hankins believing at the time that the latter was several times a millionaire. This loan was made without the consent of the probate court, without the knowledge of the distributees except plaintiff in error, and without the knowledge of the attorney for the estate or of the other bondsman, McDonald. Brown filed a report and account on October 2, 1903, on which day the court disallowed the account and ordered him to file an amended account, eliminating therefrom the credit which he gave himself for the money loaned to Hankins. On October 13, 1903, plaintiff in error filed an additional report eliminating said credit. On January 4, 1904, the probate court entered an order finding the distributive share of the widow, Amanda C. Brown, to be $3174.89, and charged plaintiff in error with the penalty of ten per cent per annum for having failed to turn over

the money on March 15, 1895. This distributive share and penalty of ten per cent amounted to $6631.91. The share of Amanda C. Brown in the fund in the hands of plaintiff in error was $13,552.89. He paid to her as one of the distributees, between November 20, 1892, and December 12, 1899, sums aggregating $10,378, leaving the amount due her to be said sum of $3174.89, without the ten per cent interest above mentioned.

An attorney, Warren Wilson, having a power of attorney dated in August, 1903, from Amanda C. Brown to collect her distributive share, made a demand on January 14, 1904, upon plaintiff in error for $6631.91, found to be due to the widow by the order of the probate court, and consisting of said sum of $3174.89 and interest. This demand was made by Wilson upon plaintiff in error at the court house in Cook county, but the latter failed to pay over the money demanded of him, saying that he had nothing to pay with,— that Hankins had it. He admits in his testimony that the demand was made on him in the sheriff's office of Cook county, shows that he failed to pay over the money because he did not have it, shows further that he was never able to collect the money in question from Hankins or the other maker of the note, as they had become insolvent prior to 1903, and shows further that plaintiff in error did not himself have property with which to make the deficit good and was unable to obtain money from any source with which to make the required payment. The amount which plaintiff in error is charged in the indictment with having failed to turn over in accordance with such demand is the sum of $3174.89.

Upon the trial under the indictment the jury rendered the following verdict: "We, the jury, find the defendant, John G. Brown, guilty of larceny in manner and form as charged in the indictment, and we further find the value of the property which said defendant failed or refused to turn over to be $3174.89, but we would recommend leniency, as

we cannot find that any of the defendant's acts were committed with a knowledge of their criminal nature." After motions for new trial and in arrest of judgment were overruled judgment was rendered on the verdict, the sentence being an indeterminate one and the punishment imprisonment in the penitentiary. The present writ of error is sued out for the purpose of reversing the judgment of conviction so entered by the criminal court of Cook county.

JAMES R. GLASS, WARREN B. WILSON, and S. P. SHOPE, for plaintiff in error.

W. H. STEAD, Attorney General, and JOHN J. HEALY, State's Attorney, (GEORGE B. GILLESPIE, HARRY OLSON, and EDWARD MAHER, of counsel,) for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The statute under which plaintiff in error was convicted, and which became effective July 1, 1903, is section 81½ of the Criminal Code, which reads as follows:

"Whoever, being the administrator of the estate of a decedent, or the executor of a last will, or guardian of any minor, conservator of any idiot, distracted person, drunkard, spendthrift or insane person, or trustee or other person acting in any fiduciary capacity, without good cause, fails or refuses, when legally required by the proper person or authority, to account for or pay over to such person or persons as may be lawfully entitled to receive the same, any money, choses in action, or other property which may have come into his hands, by virtue of his office, duty or trust, shall be deemed guilty of larceny."

On January 4, 1904, demand was made upon him for the payment of money due from him, as administrator, to the widow of his intestate. He failed to comply with the demand for the reason that he did not have the money and could not get it.

It is apparent from the record in this cause that John G. Brown never had the power to pay this money at any time after this statute came into force, and it is insisted on his behalf that the statute, therefore, should not be construed so as to bring him within its terms.   The real wrong which plaintiff in error did consisted in unlawfully loaning funds in his hands as administrator, to Hankins, one of the sureties on his administrator's bond, on June 7, 1893, and he has been unable at all times since to pay the money which the jury found that he failed to turn over, for the reason that the loan to Hankins could not be fully collected, and for the further reason that plaintiff in error was insolvent and was unable to obtain the money from any source with which to make full payment to the distributees of the deceased.   Certain payments were made on the note prior to January 1, 1898, by Hankins and were properly distributed by plaintiff in error to the heirs, but the moneys so paid and distributed were aside from the sum which the jury found that the administrator had failed or refused to distribute.

We are of the opinion that the statute above set out can not be made to apply to this administrator under the facts disclosed by this record.   It is true that he wrongfully loaned the money in 1893, and as a consequence thereof became unable to comply with the demand made under the law of 1903.   The wrong he did was in lending the money to Hankins; but at the time he made the loan the law did not provide that he should be guilty of larceny if he failed to pay, upon demand, to the distributees, at the proper time, the money so wrongfully loaned.   If, therefore, this statute be held to apply to him it would result in making his failure to pay over the money larceny, and subject him to punishment for that crime,—a failure which was the direct consequence of the wrongful act in question, which wrongful act was done long prior to the passage of the statute, the failure in question not being larceny by any law in force at the time the wrongful act was done.   Such a construction would

make the statute obnoxious to section 14 of article 2 of the constitution of 1870, which forbids the passage of any *ex post facto* law. *Johnson* v. *People,* 173 Ill. 131.

The judgment of the criminal court of Cook county will be reversed but the cause will not be remanded.

*Judgment reversed.*