(No. 14087.—Judgment affirmed.)
MARGARET E. MATHER, Appellant, *vs.* ZELDON A. PARK-
HURST *et al.* Appellees.

*Opinion filed February 22, 1922.*

1. STATUTES—*general rule as to when statutes are retroactive.*
The general rule is that statutes are not to be given retroactive ef-
fect unless it is manifest that the legislature intended that they
should have such operation, but statutes when given such effect
should not affect existing or vested rights.

2. SAME—*statutes affecting remedy or procedure may apply to
existing rights of action.* Statutes which affect only the remedy
or procedure may be applied without regard to whether the rights
of action accrued before or after the change in the law, as there
is no vested right in a remedy.

3. TAX DEEDS—*when section 224 of Revenue act, as amended in
1919, applies to tax deeds issued prior thereto.* Section 224 of the
Revenue act, as amended in 1919, providing that the holder of a
tax deed shall be reimbursed in any proceeding to restore the owner
of the fee to possession, may be applied in an action of ejectment
so as to require reimbursement to a city, as a defendant, for tax
deeds acquired by it by paying delinquent special assessments, even
though the plaintiff acquired title and the tax deeds were issued
before the amendment took effect. (*City of Chicago* v. *Collin,
post,* p. 270, distinguished.)

APPEAL from the Circuit Court of Cook county; the
Hon. DAVID M. BROTHERS, Judge, presiding.

EDGAR B. FISCHER, for appellant.

SAMUEL A. ETTELSON, Corporation Counsel, (CARL F.
LUND, and BERTHOLD A. CRONSON, of counsel,) for ap-
pellees.

Mr. CHIEF JUSTICE STONE delivered the opinion of the
court:

Margaret E. Mather, appellant, filed a suit in ejectment
at the May, 1919, term of the circuit court of Cook county
to secure possession of four vacant lots at the corner of
Ayers and Sunnyside avenues, in Chicago. Appellees, Zel-

don A. Parkhurst and the city of Chicago, were made defendants. On the hearing the city of Chicago introduced in evidence nine tax deeds to the lots in question and proved payment of special assessments for which such tax deeds were issued. At the conclusion of the taking of testimony the court, on motion of the defendants, instructed the jury to find the title to the property in the plaintiff, and that the city of Chicago had expended $1292.82 in the payment of special assessments for which the tax deeds were issued, and that upon re-payment of that sum to the city the plaintiff would be entitled to the possession of the property in fee simple. The jury returned a verdict as directed and judgment was entered thereon. The plaintiff in that case has appealed to this court.

The instruction of the court and verdict of the jury were based upon section 224 of the Revenue act as amended in 1919. (Laws of 1919, p. 762.) That amendment, in so far as it pertains to this inquiry, is as follows: *"Provided,* that any judgment or decree of court, in law or equity, setting aside any tax deed procured under this act, or restoring the owner of same to possession, shall provide that the claimant shall pay to the party holding such tax deed the following: All taxes and legal costs, as provided by law, with interest at five per cent per annum, together with subsequent taxes and special assessments paid and the statutory fees and costs incurred. * * * No final judgment or decree of court in any case either at law or in equity or in proceedings under the Eminent Domain act involving the title to or interest in any land in which such party holding such tax deed shall have an interest or setting aside any tax deed procured under this act shall be entered until the claimant shall make reimbursement to the party holding such tax deed and payments as herein provided in so far as it shall appear that the holder of such deed or his assignors shall have properly paid or be entitled to in procuring such deed."

Appellant contends that section 224 as amended cannot be given a retroactive operation so as to entitle the holder of tax deeds issued prior to its enactment to reimbursement. It is not disputed that the tax deeds in question were issued on sales of the premises for special assessments prior to the amendment of section 224. Appellant contends that this court held in *Riverside Co.* v. *Townshend,* 120 Ill. 9, that the holder of a tax deed was not, under section 224 as then in force, entitled to reimbursement, and insists that this was the law as it existed at the time the several deeds were issued to the city of Chicago, and that subsequent purchasers of the property had a right to rely upon that construction, and that in purchasing the land she secured a vested right to have the same free from the payment of such taxes. The general rule is that statutes are not to be given retroactive effect unless it is manifest that the legislature intended that they should have such operation. (*Thompson* v. *Alexander,* 11 Ill. 54; *In re Tuller,* 79 id. 99.) Such effect may, however, be given to statutes where to do so will not affect existing or vested rights. (*City of Chicago* v. *Collin, post,* p. 270; *Dobbins* v. *First Nat. Bank of Peoria,* 112 Ill. 553; *Conway* v. *Cable,* 37 id. 82.) It was held in *People* v. *Clark,* 283 Ill. 221, that where the law affects only the remedy or procedure the rights of action will be enforcible under the new procedure without regard to whether they accrued before or after the change in the law. To the same effect is *Chicago and Western Indiana Railroad Co.* v. *Guthrie,* 192 Ill. 579. In *League* v. *Texas,* 184 U. S. 156, the court said: "A delinquent tax-payer has no vested right in an existing mode of collecting taxes. There is no contract between him and the State that the latter will not vary the mode of collection. Indeed, generally speaking, a party has no vested right in a mere matter of remedy. That is subject to legislative change, and a new remedy may be resorted to unless in some of its special provisions a constitutional right of the debtor

or obligor is infringed." It was held in *City of Chicago* v. *Collin, supra,* in construing section 224, that such section is in the nature of an act affecting the remedy and applies to causes pending at the time the act was passed, provided it does not disturb or impair vested rights.

Under the holding in *League* v. *Texas, supra,* that there is no contract obligation existing between a delinquent taxpayer and the State that the latter will not vary the mode of collecting taxes, it is evident that when appellant purchased the property in question no such contract existed for her benefit, and she acquired· no vested right to hold such property free from the payment of back taxes in case the State, through its legislature, decided to change the mode of collecting such taxes so as to include those represented by void tax deeds issued against the property purchased by her. In *Reed* v. *Tyler*, 56 Ill. 288, this court held that on the general principle that he who seeks equity must do equity, reimbursement should be made upon setting aside a tax deed. In *New Orleans* v. *Clark*, 95 U. S. 664, it was held competent for the legislature to impose upon a city the payment of claims just in themselves for which an equivalent had been received but which from some irregularity or omission in the proceedings creating them could not be enforced at law. In *Bolton* v. *Johns*, 5 Pa. St. 145, it was held that a retrospective statute which makes a debt a lien on the real estate of the debtor is constitutional, since it touches only the remedy. There is no vested right in a remedy. *People* v. *Clark, supra.*

Appellant relies upon *Bruce* v. *Schuyler*, 4 Gilm. 221. In that case a sale had been made by the county auditor for taxes under the law as it then existed. Prior to the execution of the deed under said sale the statute was repealed and another enacted conferring the power to execute such deeds upon the county clerk. Subsequent to such repeal the auditor executed the deed in question, and in ejectment proceedings later the court held that the deed executed

by the auditor was good. The question involved in that case, however, was not whether the State had a right to make the county clerk the one to issue the deed after a sale by the auditor, but whether or not the sale had become void because the State had changed the procedure after the auditor had made such sale. There is nothing in that opinion holding that the State could not alter the procedure, but that it could not render the tax sale void. The tax deeds in question were of record. Appellant must be held to have had knowledge of them. By them she knew that the land had been sold for delinquent assessments and purchased by the city. While the amendment to section 224 was passed after she had acquired title to the property, she had no vested or contract right therein that would prevent retroactive operation of the act as amended.

This case is not to be confused with the case of *City of Chicago* v. *Collin, supra.* In that case the proceeding was one of eminent domain, and the amendment of section 224 having been passed after the petition for condemnation had been filed and before judgment, it was held that since under the law of eminent domain the land was regarded as taken for public use at the time the petition was filed, the rights of the owners of the lots taken became vested at the time of the filing of the petition, and section 224 could not be held to be retroactive as to such rights.

We are of the opinion that the trial court rightly held that the appellant should pay the city of Chicago the amount it had expended in procuring the tax deeds in question before she would be entitled to a clear title to the property.

The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*