(No. 19745.—

THE PEOPLE *ex rel.* Oscar E. Carlstrom, Attorney General, Petitioner, *vs.* JOSEPH B. DAVID, Judge, Respondent.

*Opinion filed October 10, 1929.*

ORIGINAL petition for *mandamus.*

OSCAR E. CARLSTROM, Attorney General, and MONTGOMERY S. WINNING, for petitioner.

JAY J. MCCARTHY, JOHN B. FRUCHTL, FREDERICK A. GARIEPY, RICHARD W. DONOVAN, and DEWITT WRIGHT, for respondent.

Mr. JUSTICE STONE delivered the opinion of the court:

The People, on relation of the Attorney General, leave first being had, filed in this court an original petition for a writ of *mandamus* to require the respondent, as judge of

the superior court of Cook county, to expunge from the records of that court an order entered by him on April 18, 1929, in the case of the People, on relation of Harry Jennings, *vs.* Elmer Green, warden of the State penitentiary, by which order Jennings was discharged from the custody of said warden. It appears from the petition for *mandamus* and the answer thereto that respondent issued a writ of *habeas corpus* directing the said warden to produce Jennings in court; that Jennings was produced accordingly, and, after hearing, respondent entered an order discharging Jennings from further imprisonment in the State penitentiary and from jurisdiction of the warden.

It appears from the record that Jennings was convicted of the crime of robbery while armed with a gun and sentenced to the penitentiary on July 3, 1922, for a term of from ten years to life, as fixed by the statute. In his original petition before respondent, Jennings alleged that he was entitled to parole under the so-called Good Time statute, but that the board of pardons and paroles had refused to grant parole to him. It appears that while the petition for *habeas corpus* was pending before respondent, the board of pardons and paroles on April 15, 1929, entered an order directing the release of Jennings on parole. This order was served on the warden, who refused to release Jennings on the ground that he was not eligible to parole until he had served his minimum sentence of ten years and that the parole order was void. A supplemental petition for *habeas corpus* was filed setting up the order of the board of pardons and paroles and the refusal of the warden to comply with same. Petitioner here seeks to have the order of respondent expunged from the records of the superior court of Cook county on the ground that the order of the board of pardons and paroles was void, and this being so, the order of the respondent was likewise void.

The statute in effect at the time Jennings was convicted and sentenced provided that the punishment for robbery

when armed with a deadly weapon should be imprisonment for any term of years not less than ten years, with a maximum of imprisonment for life. Section 7 of the Parole law, as amended in 1919, (Cahill's Stat. 1927, p. 959,) provided: "No prisoner or ward sentenced and committed, or committed, under a general or indeterminate sentence, shall be eligible to parole after his or her commitment in said penitentiary or reformatory or State institution in this act mentioned, until he or she shall have served the minimum term of imprisonment provided by law for the crime or offense of which he or she was sentenced and stands convicted or committed." The Attorney General argues that under this section of the statute Jennings was not eligible to parole until he had served the minimum term provided by law for the crime for which he was convicted, which at the time of Jennings' conviction was ten years. This is a proper construction of that statute. *People* v. *Jenkins,* 322 Ill. 33; *People* v. *Doras,* 290 id. 188.

Respondent calls attention to the amendment of the Criminal Code concerning the crime of robbery, adopted by the legislature in 1927, by which amendment the punishment for robbery when armed with a dangerous weapon was changed from a minimum of ten years in the penitentiary to a minimum of one year, with a maximum for life, and it is said that notwithstanding Jennings' conviction took place under the Criminal Code as it stood prior to the amendment in 1927, he nevertheless became entitled, on the adoption of the amendment of 1927, to the benefit of the change, and having been incarcerated more than a year he was eligible to parole, and the board of pardons and paroles having ordered his discharge on parole, the respondent properly entered an order on petition for *habeas corpus* directing his discharge. If Jennings was entitled to the benefit of the amendment of 1927 this contention is right. If he is not so entitled then the contention is erroneous

and the order of the board of pardons and paroles was void and formed no basis of jurisdiction in the superior court or for the order entered by respondent. What, then, was the effect of the amendment of 1927 on the then existing statute with relation to the punishment for robbery when armed with a dangerous weapon?

It is a general rule often announced in this State that a statute will be presumed to operate prospectively, only, and will not be construed to have retroactive operation unless the language employed is so clear that it will admit of no other construction. (*Mather* v. *Parkhurst,* 302 Ill. 236; *Edmiston* v. *Donovan,* 300 id. 521; *People* v. *Lower,* 236 id. 608; *Richardson* v. *United States Mortgage Co.* 194 id. 259; *Bauer Grocer Co.* v. *Zelle,* 172 id. 407.) Section 4 of the act in relation to the construction of statutes (Cahill's Stat. 1929, p. 2507,) provides as follows: "No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued, or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding. If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect. This section shall extend to all repeals, either by express words or by implication, whether the repeal is in the act making any new provision upon the same subject or in any other act."

In *Kossakowski* v. *People,* 177 Ill. 563, the accused was convicted of the crime of embezzlement. The jury fixed the punishment at three years' imprisonment in the penitentiary and he was sentenced in accordance with the verdict. The acts of embezzlement occurred in 1892. The indictment was returned to the January term, 1893. The cause was tried and sentence pronounced at the April term, A. D. 1898. On July 1, 1895, the parole system went into effect in this State, and it was argued that the verdict and judgment were contrary to the Parole act, providing for indeterminate sentences. It was held, however, that the offense having been committed before the adoption of the parole system, it was proper, by virtue of the provisions of section 4 of the act in relation to the construction of statutes, to conduct the prosecution and pronounce judgment in accordance with the law in force at the time of the commission of the offense; by section 4 the accused might have chosen the benefits of the Parole law had he desired, since that act gave him that privilege as to a judgment pronounced after the Parole law took effect, but not having done so the verdict rendered was held to be in accordance with the requirements of the law at the time of the commission of the offense and was correct. The same construction of section 4 of the act relating to the construction of statutes was adopted in *Johnson* v. *People,* 173 Ill. 131. In *Roth* v. *Eppy,* 80 Ill. 283, it was held that the revision of the Liquor law in 1874 did not take away any right of action which accrued under the act of 1872 on the subject.

Jennings was sentenced to the penitentiary for a term of from ten years to life. Section 7 of the Parole act was made a part of the sentence under which he was committed. By its terms he was eligible to parole at the end of ten years. There is nothing in the amendment of 1927 of the act in relation to robbery which indicates that the legislature intended that the reduction of the minimum

sentence from ten years to one year should be applied to persons already convicted and sentenced. If it were to be so construed its constitutionality might be doubted, as the effect of such a construction would be to change the judgment of the court by legislative enactment, which may not be done. The provisions of section 4 of the act in relation to the construction of statutes which give to the party affected the benefit of a new law where he consents to the application of such new law, plainly by their language limit such election to judgments entered after the new law takes effect and can have no application to a judgment such as was entered in this case. There being nothing in the robbery statute as amended in 1927 to indicate that it was to be retroactive it must be held to be prospective. Jennings was not eligible to parole at the time the board of pardons and paroles ordered his release on parole or at the time respondent entered the order discharging him from the penitentiary. It follows that the board of pardons and paroles was without jurisdiction to order his release on parole, and their order attempting so to do was void and afforded no basis for the order entered by respondent. As appears from the face of Jennings' petition for *habeas corpus* he was not illegally deprived of his liberty.

The superior court of Cook county had no jurisdiction to enter the order complained of, and the writ of *mandamus* is awarded, with directions to respondent to expunge that order from the records of the superior court of Cook county.                    *Writ awarded.*