254

PEOPLE OF STATE OF ILLINOIS ex rel.
CUSICK v. WHIPP.*
No. 5267.

Circuit Court of Appeals, Seventh Circuit.
Oct. 30, 1934.

A. L. Gettys, of Chicago, Ill., for appellant.

Otto Kerner, Atty. Gen. (George S. Lavin, of Chicago, Ill., of counsel), for appellee.

Before EVANS, SPARKS, and FITZHENRY, Circuit Judges.

FITZHENRY, Circuit Judge.

The relator (appellant) brings this appeal from an order of the District Court denying him a writ of habeas corpus.

Michael J. Cusick, alias Harry Jennings, was convicted of violating section 246 of the Illinois Criminal Code (Smith-Hurd Rev. St. 1923, c. 38, § 501, chapter 38, paragraph 515, Cahill's Rev. St. Ill.), of the crime of rob-

bery while armed with a gun, and sentenced to the Illinois penitentiary, July 3, 1922. At that time the sentence provided for that offense was "for any term of years not less than ten years or for life." Cusick was committed to the Illinois state penitentiary and began the service of his sentence.

The Indeterminate Sentence Act (Smith-Hurd Rev. St. 1923, c. 38, § 802, Cahill's Rev. St. Ill., 1923, c. 38, par. 796) contains the following:

"The term of such imprisonment or commitment shall be for not less than the minimum nor greater than the maximum term provided by law for the offense of which the person stands convicted or committed. It shall be deemed and taken as a part of every such sentence, as fully as though written therein, that the term of such imprisonment or commitment may be terminated earlier than the maximum by the Department of Public Welfare, by and with the approval of the Governor in the nature of a release or commutation of sentence or commitment."

In 1927 (Laws 1927, p. 398 [Smith-Hurd Ann. St. Ill., c. 38, § 501]), the General Assembly amended the penalty clause of the Criminal Code concerning the crime, cutting down the minimum term to not less than one year. Upon the theory that the amendment to the Criminal Code of 1927 cut down his sentence, Cusick made application for parole to the board of pardons and paroles. His prayer was denied. In April, 1929, he filed a petition for a writ of habeas corpus before Hon. Joseph B. David, judge of the superior court of Cook county. While this proceeding was pending, the board of pardons and paroles, on April 15, 1929, entered an order directing the release of appellant on parole. The order was served upon the warden (appellee), who refused to release the convict on the ground that he was not eligible to parole until he had served his minimum sentence of ten years and that the parole order was void. A supplemental petition setting up this fact was filed in the superior court of Cook county. Appellee answered and, after a hearing, Judge David entered an order, on April 18, 1929, discharging Cusick, alias Jennings, from the custody of the warden of the penitentiary.

An original petition for a writ of mandamus was filed by the Attorney General of Illinois in the Illinois Supreme Court to require Judge David to expunge from the records of the superior court of Cook county the order of April 18, 1929, discharging appellant from custody. In that case (People ex rel. Carlstrom, Attorney General, v. Joseph B.

David, Judge, 336 Ill. 353, 168 N. E. 264) the Supreme Court sustained the view of appellee as to the invalidity of the parole order and ordered Judge David to expunge his order of April 18, 1929, from the records of the superior court of Cook county.

It appears that after the release of appellant (relator), he left the jurisdiction of Illinois, but was subsequently apprehended after the decision of the Supreme Court and again committed to the custody of the warden of the Illinois state penitentiary.

The Supreme Court held that the amendment to section 246 of the Illinois Criminal Code, enacted in 1927 [Smith-Hurd Ann. St. Ill., c. 38, § 501, Cahill's Rev. St. Ill. 1933, c. 38, par. 515], was not retroactive and did not operate to amend the sentence of relator. The court applied the well-established rule that a statute will be presumed to operate prospectively, only, and will not be construed to have retroactive operation unless the language employed is so clear that it will admit of no other construction.

It will be seen that this case involves the enforcement of a sentence administered for a violation of the Illinois Criminal Code and the question as to whether a certain amendment to the particular section of the Criminal Code was retroactive or otherwise. The highest court of Illinois finds that the amendment of 1927 is not retroactive and the decision involves no federal question of any kind.

The reluctance with which the Supreme Court of the United States will sanction federal interference with a state in the administration of its domestic law for the prosecution of crime has frequently been stated in the opinions of the court on that subject.

Upon the construction of the Constitution and laws of a state, the United States courts, as a general rule, follow decisions of the highest court of the state, unless they conflict with or impair the efficacy of some principles of the Federal Constitution, or of a federal statute or rule of commercial or general law. 7 R. C. L. 1102, 1013.

It is only those decisions upon local questions which are peculiar to the several states, or adjudications upon the meaning of the Constitution or statutes of the state, which the federal courts adopt as rules of their own judgments. Olcott v. Fond du Lac County, 16 Wall. 678, 21 L. Ed. 382.

It is well established that it is only when fundamental rights secured by the Federal Constitution are invaded that the interference of federal courts is warranted. Rogers v. Peck, 199 U. S. 425, 26 S. Ct. 87-89, 50 L. Ed. 256.

There is nothing to sustain the relator's contention that his imprisonment contravenes any right granted to him by the Constitution of the United States.

The trial court was amply warranted in dismissing the petition and remanding the prisoner to the custody of appellee.

The judgment of the District Court is affirmed.