(No. 28248.—)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CASIMER JUSTAT, Plaintiff in Error.

*Opinion filed January 17, 1945.*

CASIMER JUSTAT, *pro se.*

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error was convicted January 23, 1942, in the criminal court of Cook county, of the crime of larceny of an automobile. He contends the judgment of confinement in the penitentiary of from one to twenty years is invalid because count four of the indictment, set out in the record filed by him, shows the automobile to have a value of $400, which, under numerous decisions of this court, would render the crime grand larceny. The Attorney General, however, has filed an additional abstract in which the entire indictment is set forth, and which shows there were three counts charging larceny of an automobile without fixing any value, and three counts showing larceny of an automobile fixing a value. The judgment of the court was guilty of larceny of an automobile. The court, also, in sentencing plaintiff in error, recommended the minimum sentence to be one year and the maximum two years. Plaintiff in error has also filed what purports to be a report of the evidence, which is not certified by the court nor saved at the term of court at which the defendant was tried, and hence cannot be considered as being a bill of

exceptions in the cause, and any errors predicated upon the evidence offered in the case cannot, therefore, be considered.

The contention as to error claimed to have been committed in entering judgment of guilty of the theft of an automobile must be overruled upon the authority of *People* v. *Sobucki,* 387 Ill. 358, and *People* v. *French,* 387 Ill. 16.

The plaintiff in error also complains he was not tried within four months of the date of his commitment upon the charge. The record fails to show any demand upon the part of the plaintiff in error for a trial, but does show he made at least one request for postponement. In *People* v. *Lantz,* 387 Ill. 72, we held that, in the absence of a proper showing that he had invoked the statute and demanded his release in the trial court, and that he had properly preserved the question in a bill of exceptions, the assignment of error on the ground of delay cannot be considered.

Plaintiff in error also claims the court erred in accepting his waiver of a jury trial. The record shows he was fully advised of his right of trial by jury and persisted in his waiver of a jury trial. Upon authority of *People* v. *Jurek,* 357 Ill. 626, this point is without merit.

The People have confessed error with respect to the part of the sentence recommending a minimum of one year and a maximum of two years' imprisonment, the judgment of the court being erroneous in including the recommendation for the minimum and maximum sentences, upon authority of *People* v. *Montana,* 380 Ill. 596. We hold that all of the points made by plaintiff in error, except the recommendation as to sentence, are without merit, and the cause is accordingly reversed and remanded to the criminal court of Cook county solely for the purpose of entering, and with directions to enter, a proper sentence in the cause.

*Reversed and remanded, with directions.*