(No. 29313.—<span style="background:black"> </span>

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LIONEL SHAFFER, Plaintiff in Error.

*Opinion filed March 20, 1946—Rehearing denied May 16, 1946.*

LIONEL SHAFFER, *pro se.*

GEORGE F. BARRETT, Attorney General, and CHARLES G. SEIDEL, State's Attorney, of Elgin, (ERNEST W. AKEMANN, of Elgin, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, Lionel Shaffer, was found guilty by a jury in January, 1923, of the crime of armed robbery, in the circuit court of Kane county. The indictment charged robbery, and also "that the said Lionel Shaffer then and there was armed with a certain dangerous weapon, towit with a certain revolver, and with the said revolver then and there did beat, strike and wound him, the said Robert Brannick, in the said robbery." The jury found the defendant guilty "in manner and form as charged in the indictment." The court sentenced the defendant to imprisonment in the penitentiary at Joliet for not less than ten years nor more than the term of his natural life. Under the law as it then existed this was a proper sentence. (Ill.

Rev. Stat. 1921, chap. 38, par. 515.) The fact that later the ten-year minimum sentence was eliminated from the statute does not prevent it from being enforcible as to sentences entered before the change. *People ex rel. Carlstrom, v. David,* 336 Ill. 353.

Plaintiff in error complains that the verdict, finding him guilty of robbery "in manner and form as charged in the indictment," was defective in that it did not also find that he was "armed with a deadly weapon" at the time of its commission; and, likewise, that the judgment of the court in sentencing him to the penitentiary for robbery while armed was illegal and void. The point requires little discussion. Plaintiff in error was charged with robbery while armed. There was no other count in the indictment charging anything else. The jury found him guilty as charged, so finding him guilty as charged was finding him guilty of robbery while armed. The point has been decided against plaintiff in error in *People* v. *Bailey,* 391 Ill. 149, and *People* v. *Justat,* 389 Ill. 138. In the *Justat case* there were three counts charging the stealing of a motor vehicle without specifying value, and three counts charging the stealing of a motor vehicle fixing value, which would be grand larceny under *People* v. *French,* 387 Ill. 16. The defendant was found guilty of larceny of a motor vehicle. It was held this was sufficient to authorize his sentence to imprisonment for the graver crime. In the *Bailey case* there were two counts charging robbery, the one while armed and the other unarmed. The jury found him guilty in manner and form as charged in the indictment. This was held sufficient to support a judgment sentencing the defendant for the graver crime.

In the present case there were no other counts to raise any doubt that the finding of robbery in manner and form as charged in the indictment was a finding of guilty of armed robbery. There is no merit in his contention. As pointed out above, the conviction took place in the year

1923, and, had the People so elected, they could have barred the consideration of this writ of error under the twenty-year limitation period. *People* v. *Chapman,* 392 Ill. 168, *People* v. *Murphy,* 296 Ill. 532.

The judgment of the circuit court of Kane county is affirmed.

*Judgment affirmed.*