(No. 31289.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES JACKSON, Plaintiff in Error.

*Opinion filed January 18, 1950.*

JAMES JACKSON, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, and RUDOLPH L. JANEGA, both of Chicago, of counsel,) for the People.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

James Jackson, plaintiff in error, impleaded, was tried in the criminal court of Cook County on an indictment consisting of four counts. Counts 1 and 2 charged larceny of an automobile, without fixing a value. Count 3 alleged the automobile to have a value of $800, and count 4 charged tampering with a motor vehicle. After a plea of not guilty, plaintiff in error was tried by the court, found guilty of larceny of a motor vehicle in manner and form as charged in the indictment, and sentenced to the Illinois State Penitentiary for a term of not less than five nor more than ten years.

Errors assigned are that the court erred in (1) finding plaintiff in error guilty of larceny of a motor vehicle upon an indictment charging the crime of grand larceny; (2) imposing an erroneous sentence; and, (3) committing him to the penitentiary.

Plaintiff in error contends the challenged indictment did not charge him with the larceny of a motor vehicle, that the judgment finding him guilty of this particular crime was erroneous, and he urges that it has been established that the theft of a motor vehicle is a different offense than grand larceny, the finding of value being the distinction between the two criminal offenses; that the larceny of a motor vehicle is a substantive offense, separate and distinct from grand larceny, and he cites *People* v. *French,* 387 Ill. 16, *People* v. *Smithka,* 356 Ill. 624, and *People* v. *Crane,* 356 Ill. 276. We find no fault with this contention, as an indictment which charges stealing a motor vehicle without specifying its value charges an offense under the act making larceny of a motor vehicle a separate offense and the value is not material to the commission of the offense. When an indictment charges or alleges the theft of a motor vehicle, fixing its value at $15 or more, the offense constitutes grand larceny. (*People* v. *French,* 387 Ill. 16.)

We find, however, that plaintiff in error's contention in this respect is untenable for the reason that under the indictment on which he was found guilty he was charged with both larceny of a motor vehicle and grand larceny, and that the judgment finding him guilty of larceny of a motor vehicle in manner and form as charged in the indictment, without reference to the count charging grand larceny, was equivalent to an acquittal on the latter count. (*People* v. *Twigg,* 398 Ill. 50; *People* v. *Justat,* 389 Ill. 138.) The absence of a finding of value makes the crime for which he was convicted theft of a motor vehicle, and not grand larceny.

In the cases relied upon by plaintiff in error the indictment fixed a value of the automobile and contained no count which alleged the theft of an automobile without fixing a value. The question as raised here by plaintiff in error has, on several occasions, been decided to the contrary. In particular, in the case of *People* v. *Twigg,* 398 Ill. 50, it was held that where certain counts of an indictment charge the defendant with larceny of an automobile, without fixing any value, the other counts charging larceny of an automobile and fixing its value, a judgment of the court finding the defendant guilty of the theft of an automobile, and sentencing him therefor, rather than for grand larceny, is not erroneous. To the same effect are *People* v. *Winston,* 395 Ill. 263, *People* v. *Justat,* 389 Ill. 138, and *People* v. *Sobucki,* 387 Ill. 358. The finding and judgment of guilty of the offense of larceny of a motor vehicle by the court below was not error.

As to plaintiff in error's contention that he was erroneously sentenced, we find that as he was convicted of the crime of larceny of a motor vehicle, which carried with it a penalty of imprisonment in the penitentiary for a term of not less than one nor more than twenty years, the court did not err in sentencing him to not less than five nor more than ten years, which was within the limits of the minimum

and maximum as provided by section 168a of division I of the Criminal Code. (Ill. Rev. Stat. 1949, chap. 38, par. 388a.) In this respect we have so held in the cases of *People* v. *Twigg,* 398 Ill. 50, and *People* v. *Green,* 394 Ill. 173.

For the foregoing reasons, therefore, the judgment of the criminal court of Cook County, sentencing plaintiff in error to imprisonment in the penitentiary for a term of not less than five nor more than ten years, is affirmed.

*Judgment affirmed.*