THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EMORY HARTSIG, Plaintiff in Error.

*Opinion filed February 25, 1911—Rehearing denied April 5, 1911.*

1. CRIMINAL LAW—*when plea of guilty is sufficient.* Where an indictment charges the defendant and others with a violation of section 46 of the Criminal Code by conspiring to obtain the money and goods of a corporation by false pretenses and to cheat and defraud the corporation, a plea of "guilty of the crime of conspiracy to defraud, in manner and form as charged in the indictment," is sufficient, as including the material element of using false pretenses to obtain the money and goods.

2. SAME—*Parole law did not operate to change punishment of crime defined by section 46 of the Criminal Code.* The general provision of the Parole law that the term of imprisonment of a person sentenced thereunder shall not be less than one year did not operate to change the punishment for conspiracy as provided in section 46 of the Criminal Code, which, under that section, is fixed at imprisonment in the penitentiary not more than five years, or a fine not exceeding $2000, or both, but for which no minimum term is fixed.

3. SAME—*Parole law does not change punishment for crime.* The subject of fixing punishments for crime is not within the scope of the title of the Parole law, and any provision therein which would operate to change the punishment for conspiracy from imprisonment not exceeding five years, without any fixed minimum term, as provided in section 46 of the Criminal Code, to a term having a fixed minimum of one year, would be unconstitutional, as not within the title of the act and as amending other statutes dealing with subjects with which the Parole act does not purport to deal.

4. CONSPIRACY—*what is essential to crime of conspiracy under section 46 of Criminal Code.* It is essential to the crime of conspiracy, under section 46 of the Criminal Code, that the conspiracy be to obtain money or property by false pretenses, and hence a judgment finding defendant guilty of "conspiracy to defraud," without reference being made to the indictment, states no crime; but it is not necessary that the court shall adjudge the defendant guilty of the crime for which he is sentenced, and a judgment should not be reversed for any mere technicality found in it.

5. SAME—*Parole law does not apply to crime of conspiracy under section 46 of Criminal Code.* One convicted, under section 46 of the Criminal Code, of the crime of conspiring to obtain the

money and property of a corporation by false pretenses cannot be sentenced under the Parole law, as the minimum term under that law cannot be less than one year, whereas the punishment for the crime of conspiracy as fixed by said section 46 may be less than one year's imprisonment. (*People* v. *Murphy*, 185 Ill. 623, explained.)

6. APPEALS AND ERRORS—*whether a criminal case shall be remanded depends upon the circumstances.* Whether a criminal case in which the judgment is erroneous shall be remanded depends upon the circumstances of the case, including the punishment already inflicted, the nature of the charge and the facts shown by the record.

WRIT OF ERROR to the Circuit Court of Kane county; the Hon. HENRY B. WILLIS, Judge, presiding.

LOUIS GREENBERG, for plaintiff in error.

W. H. STEAD, Attorney General, WILLIAM T. TYERS, State's Attorney, and JOEL C. FITCH, (B. H. TAYLOR, of counsel,) for the People.

Per CURIAM: An indictment containing two counts, and concluding, "contrary to the form of the statute in such case made and provided," was returned into the circuit court of Kane county, charging, in the first count, that the plaintiff in error, Emory Hartsig, and others therein named, "did conspire and agree together with a fraudulent and malicious intent then and there feloniously, wrongfully and willfully to obtain the sum of $15 * * * of the moneys, goods, chattels and personal property of W. S. Frazier & Co., a corporation, * * * by false pretenses, and to cheat and defraud the said W. S. Frazier & Co., a corporation, as aforesaid, out of the same;" and in the second count, that plaintiff in error and others did "conspire and agree together with a fraudulent and malicious intent wrongfully and wickedly to obtain money, to-wit, the sum of $15, * * * of the value of $15, of the moneys, goods, chattels and personal property of W. S. Frazier & Co., a cor-

poration, * * * by false pretenses, and did then and there thereby fraudulently and maliciously cheat and defraud and did obtain from W. S. Frazier & Co., a corporation, as aforesaid, the sum of $15, as aforesaid." The plaintiff in error, being arraigned, entered a plea of "guilty of the crime of conspiracy to defraud in manner and form as charged in the indictment." The court thereupon entered judgment that the plaintiff in error be, and he was thereby, convicted of the crime of "conspiracy to defraud," and sentenced him to confinement in the penitentiary for a term as follows: "Until discharged by due course of law or by order of the State Board of Pardons, as authorized and directed by law, provided such term of imprisonment in said penitentiary shall not be less than the minimum term nor exceed the maximum term for the crime, * * * to-wit, not less than one year nor more than five years." The record has been brought to this court by writ of error.

Section 46 of the Criminal Code defines the statutory offense with which the plaintiff in error was charged, as follows: "If any two or more persons conspire or agree together * * * with the fraudulent or malicious intent wrongfully and wickedly * * * · to obtain money or other property by false pretenses * * * they shall be deemed guilty of a conspiracy." The same section fixes the punishment at imprisonment in the penitentiary not exceeding five years, or a fine not exceeding $2000, or both. The plea of the plaintiff in error was a plea of guilty of conspiracy to defraud in manner and form as charged in the indictment, but the section does not create any such offense as a conspiracy to defraud, except by means of false pretenses. An indictment merely charging two or more persons with a conspiracy to defraud another would not state any offense under the statute, because the conspiracy must be to obtain money or other property by false pretenses, which is a necessary and material element of the crime. The plea, therefore, was not a plea of guilty of any offense

created by the statute, unless the addition of the words, "in manner and form as charged in the indictment," included in the plea the material element that the conspiracy was to obtain money or property by false pretenses. It is not necessary, either in an indictment or plea of guilty, to specify what the false pretenses were, but it is of the essence of the crime that the obtaining of money or property is to be by means of false pretenses. A plea of guilty in manner and form as charged in the indictment is sufficient as including every element of the crime as therein charged, and the plaintiff in error doubtless intended to enter such a plea. We think the plea was a plea of guilty of the crime charged in the indictment and was sufficient to support a judgment. The judgment of the court was that plaintiff in error was convicted of the crime of "conspiracy to defraud," and no reference was there made to the indictment, so that no crime was stated in the judgment. But it was not necessary that the court should adjudge the defendant guilty of the crime for which he was sentenced, (*Hoch* v. *People,* 219 Ill. 265; 12 Cyc. 778;) and the judgment ought not to be reversed for any mere technicality found in it.

Section 46 of the Criminal Code, which was in force before the enactment of any Parole law, fixed the punishment for the crime for which the plaintiff in error was indicted at imprisonment in the penitentiary not more than five years, or a fine not exceeding $2000, or both. Upon a plea of guilty it was the duty of the court to fix the punishment as prescribed in said section, (*Coates* v. *People,* 72 Ill. 303,) and if the court determined upon imprisonment as punishment, the term might be less than one year. The Parole law provides that the court imposing a sentence for crimes covered by that law shall not fix the limit or duration of the same, but the term of imprisonment shall not be less than one year, nor shall it exceed the maximum term provided by law for the crime of which the prisoner was convicted. The plaintiff in error was sentenced under that

law until discharged by due course of law or by order of the State Board of Pardons, the term to be not less than one year nor more than five years. The sentence can only be sustained by holding that the Parole law has operated to amend section 46 by increasing the minimum term of imprisonment and making it not less than one year.

The Attorney General contends that the Parole law applies to the crime defined in section 46, but that it does not change the punishment for such crime in any substantial particular as punishment for crime is commonly understood. We do not see how that can be so, or how it can be said that a change of punishment from the briefest possible time to one year is not a change of punishment in a substantial particular. To say that a sentence under the Parole law is a sentence for the maximum term fixed by the Criminal Code for the crime does not help the matter at all, because that law also fixes a minimum term of one year. In *Featherstone* v. *People,* 194 Ill. 325, it was said that the Parole law was not intended to fix the punishment for a crime, but from its provisions clearly implied that the legislature had already defined crimes and fixed their punishment, and the correctness of that decision cannot be questioned. The title of the present act is, "An act to revise the law in relation to the sentence and commitment of persons convicted of crime and providing for a system of parole and to provide compensation for the officers of said system of parole." The subject of fixing punishments for crime is not within the scope of the title, and a provision therein changing the punishment for conspiracy, under section 46, from imprisonment not exceeding five years to a term of not less than one year nor more than five years would be void under section 13 of article 4 of the constitution. The same section of the constitution provides that no law shall be revived or amended by reference to its title, only, but the law revived or section amended shall be inserted at length in the new act. It would be absurd to say

that the legislature cannot amend a law by reference to its title and that a section amended shall be inserted at length in the new act, but that a law may be changed or amended without mentioning the law changed or the section amended, by title or otherwise; and the Parole law does not even refer to the Criminal Code in any way or to section 46, and contains no intimation of any intention to amend that section or any other which fixes the punishment for a crime.

The Attorney General calls attention to the rule that a law constituting a complete and entire act of legislation on the subject which it purports to deal with is not subject to the constitutional prohibition although it may modify the provisions of prior existing laws, as held in *People* v. *Knopf,* 183 Ill. 410, and other cases, and says that inasmuch as the Parole law covers the entire subject with which it deals, it is not objectionable because it changes a provision of the Criminal Code fixing punishment. As already noted, the Parole law does not purport to deal with or fix punishments for crime, and changes in the law of that kind would not be within the title. The rule, therefore, does not apply in this case. The mischief designed to be remedied by the constitutional prohibition has often been stated to be the enactment of amendatory statutes in terms so blind that the legislators themselves may be deceived in regard to their effect and the public fail to become apprised of the changes made in the laws. To hold that the Parole law could be effective to amend sections of the Criminal Code fixing the punishments for crimes by a general provision for a minimum term of one year would introduce the very mischief intended to be remedied, since neither legislators nor the people could have supposed that there was an intention to change the punishment of any crime. The Parole law contains no legislation on the subject of conspiracy or its punishment, and if it changes the punishment for it or any other crime, the effect would be to intermingle the terms and provisions of the Criminal Code defining the

crime and the Parole law fixing the punishment, and require a resort to both to determine what the law is. It is perfectly clear that the legislature had no intention of changing the punishment for conspiracy, and had no constitutional power to do so in an act confined to the establishment of a parole system. The relator in the case of *People* v. *Murphy,* 185 Ill. 623, was convicted of the crime of conspiracy and raised only two objections to his confinement in the penitentiary, which did not include the question now presented. The court passed upon his objections, but, as a matter of course, did not consider other questions.

The judgment was erroneous and must be reversed. Whether a cause should be remanded depends on the circumstances of the particular case, and in view of the punishment already inflicted, and the nature of the charge made in the indictment and the record in this case, the cause will not be remanded.                    *Judgment reversed.*