(No. 22335.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SIDNEY PARKER, Plaintiff in Error.

*Opinion filed April 21, 1934.*

BENJAMIN C. BACHRACH, and LESTER N. GROSSMAN, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, J. ALBERT WOLL, and HENRY E. SEYFARTH, of counsel,) for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

Plaintiff in error, Sidney Parker, was indicted in the criminal court of Cook county on a charge of burglary, alleged to have taken place on the 12th of July, 1933. Further allegations of the indictment charged that he had previously been indicted, tried and convicted for the larceny of a motor vehicle. The jury returned a verdict finding him guilty of the crime of burglary and further finding that he had been theretofore convicted of the larceny of a motor vehicle. After motions for a new trial and in arrest of judgment had been overruled the court sentenced him to the penitentiary for the term of his natural life, this sentence being imposed under the Habitual Criminal act, hereinafter mentioned.

The plaintiff in error contends that the crime of larceny of a motor vehicle is not one of the specific crimes set forth and included in the Habitual Criminal act, (Smith's Stat. 1933, par. 602, p. 1083,) and that the court erred in refusing to quash that portion of the indictment which charged the commission of the previous offense. The People in their brief admit that the only point for determination is whether or not larceny of an automobile is grand larceny within the meaning of the Habitual Criminal act.

This case must be decided in accordance with the principles set forth in *People* v. *Crane*, (*ante*, p. 276,) and there can be no useful purpose served by repeating them. As

pointed out in that case, the larceny of a motor vehicle is a crime separate and distinct from either grand larceny or petit larceny, the element of value not entering into its definition and not being material as a matter of pleading or proof. The case now under consideration does not fall within the provisions of the Habitual Criminal act, and the court erred in refusing to quash that portion of the indictment referring to the previous offense.

It is argued by the People that if the judgment must be reversed it should be only for the purpose of imposing a proper sentence, the guilt of the defendant being proved. This suggestion cannot be followed. Under a proper indictment, limited as herein indicated, this evidence, which would be prejudicial to the rights of the defendant, would not, except for the purpose of impeachment, be either competent or material. It is necessary that the judgment be reversed and the cause remanded to the criminal court of Cook county, with directions to quash that portion of the indictment referring to the previous offense, to require a plea to the indictment as partially quashed, and for a new trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded, with directions.*

Mr. JUSTICE JONES, dissenting:

The reversal of the judgment of conviction in this case is based upon what I deem to be an erroneous conclusion of law, to-wit, that the crime of larceny of a motor vehicle as defined in section 168a of the Criminal Code is not grand larceny but is larceny of a species not included within the terms of either grand larceny or petit larceny. With this conclusion I cannot agree. The difference between my belief and that of the majority of the court relates to the essential difference between grand larceny and petit larceny. I think the vital distinction between the two crimes is in the gravity of punishment. The ma-

jority believe that the distinction rests solely on the value of the property stolen. In other words, it is their opinion that if a defendant is convicted under section 168$a$ of stealing a motor vehicle he is guilty of a felony no matter how small the value of the stolen motor vehicle may be. They agree that in an indictment under that section it is unnecessary to allege or prove the value of the property stolen, but they hold that if the indictment does allege that the motor vehicle had a certain value, that allegation of itself takes the prosecution out from under that section of the statute and puts it under the general larceny statute.

The statutory provision concerning the theft of a motor vehicle was enacted in 1927, but there has long been a statute against horse stealing which likewise has a special provision for punishment. It seems that no one prior to this time has ever thought a person convicted of the crime of horse stealing would be sentenced under the general larceny statute in case the indictment alleged the value of the horse stolen. No one ever contemplated that the theft of a horse was petit larceny even if the charge and the proof showed the animal to be worth $15 or less.

The purpose of the special statutes relative to the theft of a horse and the theft of a motor vehicle was to increase the gravity of the punishment for those crimes, and that, without any regard whatever to the value of the property stolen. Since it is unnecessary to either allege or prove the value of such property, an allegation as to its value is mere surplusage. A conviction could have been sustained under the indictment in this case without any proof of value of the motor vehicle stolen. In this State the important difference between petit larceny and grand larceny is that grand larceny is a felony, punishable by imprisonment in the penitentiary, while petit larceny is a misdemeanor, punishable by a fine and imprisonment in the county jail. I am unable to conceive that a General Assembly, having for its purpose the infliction of severe pen-

alties for stealing a horse or a motor vehicle, would have in mind that the object might be defeated through a mere allegation of value in an indictment.

At common law, larceny was a felony in every instance, yet the grades of grand larceny and petit larceny were observed upon a basis of punishment. Grand larceny was punishable by death, while petit larceny was punishable by transportation for seven years, imprisonment, or whipping. (2 Cooley's Blackstone, chap. 17.) There can be no larceny unless the property stolen has some value. In the United States the determination of the amount, which generally denotes the line of demarcation between grand larceny and petit larceny, is an arbitrary matter for legislative bodies and takes a wide range, but everywhere it is the underlying doctrine that the distinguishing feature between the two crimes is as to punishment. Sir William Blackstone, in the text above cited, said that when the stealing is of goods above the value of twelve pence it is called grand larceny; when goods are of that value or under, it is petit larceny; and that the offenses are considerably distinguished in their punishment but not otherwise.

In *People* v. *Burke,* 313 Ill. 576, this court stated that the terms "grand larceny" and "petit larceny" are not defined by our statute, but since 1833 the courts and the legislature have alike recognized those terms as having relation to the different grades of punishment, and that the term "petit larceny" is used to designate the grade of larceny which subjects the offender to punishment otherwise than in the penitentiary. It follows that the term "grand larceny" designates that grade of larceny which subjects the offender to imprisonment in the penitentiary. The legislature had a right to re-classify the common law crime of larceny by making the more serious offenses fall within the term "grand larceny" and the less serious offenses within the term "petit larceny." It had a right to designate what should be deemed the more serious and the less

serious offenses. It had a right to include in one category the theft of goods over a certain value. It could also include within that category the theft of certain kinds of property without regard to their value. This it has done. The theft of property which is of greater value than $15, and the theft of easily transportable property, such as a motor vehicle or a horse, are included in the category of the more serious offenses. It seems to me that any other construction does violence to the manifest intention of the legislature.

Besides paragraph 602 of chapter 38, (Smith's Stat. 1933, p. 1083,) which includes grand larceny within its terms, there is another statute (ibid. chap. 38, sec. 169, p. 1057,) which provides that in case of a second conviction of petit larceny by any person over the age of eighteen years the punishment shall be by imprisonment in the penitentiary for a term not less than one year and not exceeding three years. If the majority of the court are right, and the larceny of a motor vehicle as defined by section 168$a$ and the larceny of a horse as defined in section 172 of the Criminal Code are neither grand larceny nor petit larceny, then habitual motor vehicle thieves and habitual horse thieves can never be subjected to the penalties of the habitual criminal acts of this State unless they are prosecuted under the general larceny sections of the statute, no matter how many times they have been convicted under the statutes expressly intended for such offenses.

If my reasoning is correct, the larceny of a motor vehicle comes within the meaning of the term "grand larceny" and the crimes charged against the plaintiff in error come within the purview of the Habitual Criminal act, hence the judgment of conviction should have been affirmed.

Mr. JUSTICE STONE: I concur in the views expressed in the foregoing dissent.