(No. 22332.—

The People of the State of Illinois, Defendant in Error, *vs.* Leo Smithka, Plaintiff in Error.

*Opinion filed June 15, 1934.*

Benjamin C. Bachrach, and Lester N. Grossman, for plaintiff in error.

Otto Kerner, Attorney General, Thomas J. Courtney, State's Attorney, and J. J. Neiger, (Edward E. Wilson, J. Albert Woll, and Henry E. Seyfarth, of counsel,) for the People.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

An indictment, the first count of which charged the larceny on August 12, 1933, of a motor vehicle, and the second, the larceny on the same day of one automobile of the value of $150, was returned against Leo Smithka in the criminal court of Cook county. The indictment further charged that Smithka, on March 1, 1929, had been convicted of the larceny of personal goods and property of a value exceeding $15. Smithka entered a plea of not guilty, but, by leave of court, withdrew it and moved to quash the count which alleged his previous conviction of larceny. The motion was overruled and Smithka renewed his plea of not guilty. The jury found that he was guilty of the crime of larceny of a motor vehicle in manner and form as charged in the indictment; that he had been theretofore convicted of larceny of personal goods and property of a value exceeding $15, and that he was about twenty-two years of age. Motions for a new trial and in arrest of judgment were made and overruled and Smithka was sentenced to the penitentiary for the term of twenty years. He prosecutes this writ of error for a review of the record.

The plaintiff in error contends that the theft of a motor vehicle is not one of the crimes specifically enumerated in section 1 of the Habitual Criminal act and, in consequence, that the trial court erred in overruling the motion to quash the count charging his former conviction; in receiving and permitting the verdict to be filed; in overruling the motions for a new trial and in arrest of judgment, and in sentencing him to the penitentiary for the term of twenty years.

Section 167 of the Criminal Code (Cahill's Stat. 1933, p. 1038; Smith's Stat. 1933, p. 1056), defines larceny as the felonious stealing, taking and carrying, leading, riding or driving away the personal goods of another. By the amended act (Laws of 1921, p. 404; Cahill's Stat. 1933,

p. 1039; Smith's Stat. 1933, p. 1056), every person convicted of larceny, if the property stolen exceeds the value of $15, or if the property is stolen from the person of another, shall be imprisoned in the penitentiary not less than one, nor more than ten years, but if the property has not been stolen from the person of another and is of the value of $15 or less, the person convicted shall be confined in the county jail, or sentenced to labor in the workhouse of the county, city or town, where the conviction is had, or on the streets or alleys of the city, or on the public roads in the county, or to such labor under the direction of the sheriff as the county board may provide, not exceeding one year, and fined not exceeding $100. Section 168a of the Criminal Code (Cahill's Stat. 1933, p. 1039; Smith's Stat. 1933, p. 1056) makes the larceny of a motor vehicle a felony, and fixes as the punishment therefor imprisonment in the penitentiary for not less than one nor more than twenty years. Section 1 of the Habitual Criminal act (Cahill's Stat. 1933, p. 1070; Smith's Stat. 1933, p. 1083) provides that whenever any person having been convicted of any of the crimes of burglary, grand larceny, horse stealing, robbery, forgery, or counterfeiting, shall thereafter be convicted of any one of such crimes, committed after such first conviction, the "punishment shall be imprisonment in the penitentiary for the full term provided by law for such crime at the time of such last conviction therefor."

The indictment charged and the verdict of the jury found that the prior conviction of the plaintiff in error was for the larceny of personal goods and property of a value exceeding $15. It is manifest that the earlier conviction was for grand larceny, a crime included within the provisions of the first section of the Habitual Criminal act. While it is not essential that the subsequent conviction be for the same offense, it must be one of the crimes enumerated in that section. (*Kelly* v. *People,* 115 Ill. 583). The

prosecution concedes that the crime of larceny of a motor vehicle is not one of the offenses so designated. Notwithstanding this concession, it argues that the theft of a motor vehicle constitutes grand larceny, and since that offense is specifically included in section 1 of the Habitual Criminal act, the plaintiff in error was properly indicted, convicted and sentenced. This argument, however, cannot avail the prosecution for it has been decided that the larceny of a motor vehicle is a substantive offense separate and distinct from grand larceny. *People* v. *Parker,* 356 Ill. 301; *People* v. *Crane,* 356 id. 276.

By its verdict the jury found the plaintiff in error guilty of the larceny of a motor vehicle in manner and form as charged in the indictment, but made no finding with respect to the value of the vehicle taken. A general verdict of guilty is sufficient where the value of the property is not a material element of the crime. (*McDaniels* v. *People,* 118 Ill. 301; *Hoge* v. *People,* 117 id. 35). Where the place and duration of imprisonment, however, depend upon the value of the property stolen, a general verdict of guilty is insufficient. (*People* v. *Valanchauskas,* 324 Ill. 187; *People* v. *Jackson,* 312 id. 611; *Tobin* v. *People,* 104 id. 565). In a prosecution for larceny, the jury's verdict finding the defendant guilty must fix the value of the property stolen. (*People* v. *Valanchauskas, supra; People* v. *Jackson, supra; Collins* v. *People,* 39 Ill. 233; *Highland* v. *People,* 1 Scam. 392). The punishment prescribed for the larceny of a motor vehicle, whatever its value, is the same, and neither the place nor the term of imprisonment is dependent upon the value of the property taken. The verdict of the jury specifically finding the plaintiff in error guilty on the count charging him with the larceny of a motor vehicle without reference to the count charging grand larceny is equivalent to an acquittal on the latter count. (*People* v. *Weil,* 243 Ill. 208; *Keedy* v. *People,* 84 id. 569;

*People* v. *Whitson,* 74 id. 20; *Stoltz* v. *People,* 4 Scam. 168). Manifestly, where there is an absence of a finding of the value of the automobile stolen, a conviction of the larceny of a motor vehicle is not a conviction, within the contemplation of section 1 of the Habitual Criminal act, of the crime of grand larceny. As the present conviction was for an offense not enumerated in that section, the trial court erred in overruling the motion in arrest of judgment and in sentencing the plaintiff in error to imprisonment in the penitentiary, not for an indeterminate, but for a fixed term of twenty years.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*