(No. 27142.—Judgment reversed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES BROWN, Plaintiff in Error.

*Opinion filed May 20, 1943.*

JAMES B. WOLFENBARGER, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and LESTER F. CARSON, State's Attorney, (WILLIAM S. WILSON, and ROY P. HULL, of counsel,) for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

On October 8, 1931, plaintiff in error was sentenced to the penitentiary for an indeterminate term of from one to twenty years, on his plea of guilty. He brings the case here by writ of error to review that judgment. The case is here on the common-law record.

The indictment charged the defendant with stealing an automobile, the value of which was alleged to be $500. He pleaded "guilty of larceny in manner and form as charged in the indictment." The court found the value of the property stolen to be $195, and imposed the sentence as above indicated.

Under our holding in the case of *People* v. *Stacey,* 372 Ill. 478, the indictment was not sufficient to charge an offense under section 168a of division 1 of the Criminal Code. (Ill. Rev. Stat. 1941, chap. 38, par. 388a.) It was, however, sufficient to charge an offense under the general larceny section. This is section 167 of division 1 of the Criminal Code. (Ill. Rev. Stat. 1941, chap. 38, par. 387.) Section 168a provides a penalty, for the offense defined in that section, of imprisonment in the penitentiary for a term of not less than one nor more than twenty years. The penalty for larceny under section 167, where the value of the property stolen exceeds $15, is imprisonment in the penitentiary for not less than one nor more than ten years. (Ill. Rev. Stat. 1941, chap. 38, par. 389.) It is obvious that the court sentenced plaintiff in error to imprisonment under section 168a, believing that he was charged with stealing a motor vehicle, in violation of said section. Under the case above cited, however, the indictment must be treated as charging the offense of grand larceny, only, under section 167. The court should have imposed the penalty provided for grand larceny under that section. The maximum term of imprisonment for grand larceny under that section is ten years.

Plaintiff in error asserts that he has been confined in the penitentiary since October 8, 1931; that he has already served eleven years and four months, which is more than the maximum term for which he could have been lawfully sentenced for the crime charged in the indictment. The record supports this statement. The *mittimus* was issued on that date. The People do not challenge it. Their only

contention is that the statement as to the length of time he has been confined is a matter *dehors* the record and is not before this court.

Ordinarily, where the court enters an erroneous sentence and no errors intervened preceding the sentence, the cause should be remanded to the trial court with directions to enter a proper sentence. *People* v. *Montana,* 380 Ill. 596.

In the case of *People* v. *Hartsig,* 249 Ill. 348, a similar question arose. It was there said, "Whether a cause should be remanded depends on the circumstances of the particular case, and in view of the punishment already inflicted, and the nature of the charge made in the indictment and the record in this case, the cause will not be remanded."

In the case of *People* v. *Casady,* 250 Ill. 426, the court erroneously sentenced the defendant under the Indeterminate Sentence Act for a period not exceeding five years. This court found that the proper sentence should have been a fine of not exceeding $500 and imprisonment in the penitentiary, not exceeding five years. No fine was imposed. It was held that it was error to sentence the defendant under the Indeterminate Sentence Act and not impose a fine, as required by the statute, for the offense charged. The judgment was reversed and the court observed, "The plaintiff in error has been confined two years in the penitentiary. In view of the circumstances of this case, the punishment already inflicted and the nature of the charge in the indictments, the causes will not be remanded."

Inasmuch as plaintiff in error has already served more than the maximum term of imprisonment for which he could have been lawfully sentenced, the case is particularly one in which the above wholesome rule should be applied. Under the facts here, the ends of justice will thus be best subserved. The judgment of the circuit court of Peoria county is reversed and the cause will not be remanded.

*Judgment reversed.*