(No. 27175.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JACK BARG, Plaintiff in Error.

*Opinion filed Sept. 21, 1943—Rehearing denied Nov. 11, 1943.*

GEORGE M. CRANE, EMMETT A. MOYNIHAN, ELLIS & WESTBROOKS, and JOSEPH J. ATWELL, JR., (RICHARD O. WESTBROOKS, of counsel,) for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

The defendant, Jack Barg, was indicted in the criminal court of Cook county for the larceny of a motor vehicle tire, larceny of personal property, including a tire, having a value in excess of $15, and receiving stolen property, including a tire, having a value of more than $15, the property of Anon K. Mose. By a second indictment, the same crimes were charged with respect to the property of Edwin Gaenzle. Each indictment charged defendant's previous conviction of the crime of robbery. The causes were consolidated for trial, defendant pleaded not guilty and waived a trial by jury. He was found guilty in each cause of stealing a motor vehicle tire and of having been formerly convicted of a felony, and sentenced on each indictment to a fixed term of ten years in the penitentiary, the sentences to run concurrently. Defendant prosecutes this writ of error.

From the evidence adduced by the People it appears that on July 30, 1942, about 4:00 o'clock A. M. Dorothy Gaenzle, 6128 North Hamilton avenue, Chicago, was awak-

ened by a noise and, from her window, saw a man removing golf clubs and a tire from the trunk of her husband's automobile. She testified that another man was seated in a maroon-colored car, equipped with white wall tires, which she described as a Studebaker or Oldsmobile automobile, and that she ordered the men away. Her husband, Edwin F. Gaenzle, one of the prosecuting witnesses, testified to the same effect, adding that he carried a spare tire and wheel valued at $50, and two sets of golf clubs valued at about $25 per set, in the trunk of his car, and that, later the same morning, at the police station, he identified his tire by its number and, also, his golf clubs. The second complaining witness, Anon K. Mose, testified that on July 30 he parked his Buick automobile about thirty feet south of his residence, 6153 North Hamilton avenue; that there was a tire mounted on a wheel and, also, a spare tube in the trunk of his car, and that he subsequently identified his property at the police station by the tire number. According to the testimony of police officer Harry Rosensweig, he and another officer, Perry Epperly, were cruising in a squad car at Devon avenue and Broadway about 4:00 o'clock A. M. on July 30, when, in response to a radio message they proceeded to an address given as 6140 North Hamilton avenue, where two men were reported tampering with an automobile. Driving south on Hamilton avenue from Devon avenue, their attention was attracted by an unlighted automobile headed north on the same street. Rosensweig testified that he saw no other cars in the vicinity; that, as the police car approached, the unlighted car turned east on Granville avenue, two blocks south of Devon avenue and the first street north of 6140 North Hamilton avenue; that he and his fellow officer pursued the car, and that one of them fired a shot at the automobile which immediately stopped on the east parkway of Winchester avenue, about two blocks east of Hamilton avenue and a short distance north of Granville avenue. Both occupants

of the automobile attempted to escape. One succeeded, but the other, identified as the defendant, was apprehended, he having fallen out of the automobile onto the parkway. Rosensweig testified further that he searched defendant on suspicion he might be "involved in something," and obtained the keys to the trunk of the car which, when opened, contained five tires and two sets of golf clubs. The officer added that, when arrested, defendant was not intoxicated although it was evident he had been drinking. Epperly corroborated Rosensweig and testified to firing a shot at defendant's automobile and, also, at the occupant who escaped. Police officers James Duffy and Waldo Anderson, assigned to the investigation of stolen automobiles, testified that about 10:00 o'clock A. M. July 30, defendant admitted the theft of the tires, declaring he needed them to make a contemplated trip to California. It appears that the officers last named made no formal report regarding defendant's purported admission, and that he later refused to make a written statement and denied taking the tires.

Joseph Katz, a bartender, testified that defendant visited his tavern at 3044 West Madison street about 8:00 or 8:30 P. M. on July 29, with a man whom he introduced as Jack Levine; that Levine borrowed defendant's automobile, defendant remaining in the tavern during his companion's absence, and that when Levine returned about 2:45 A. M. on July 30, he, Katz, suggested to Levine that the latter drive defendant, then "pretty well under the weather," home. Defendant testified that he lived at 1236 South Albany avenue; that on the evening of July 29 he repaired to Katz's tavern about a mile north of his residence; that Levine borrowed his car, as recounted; that during the six or seven hours Levine was away he remained in the tavern drinking; that upon Levine's return the bartender told Levine to not give him (defendant) the keys to the car and directed Levine to drive him home; that he fell asleep in the car; that he next recollected hearing some

shots fired, whereupon he awakened to find police officers drawing alongside his car; that when the shots were fired Levine alighted from the car and ran, and that he opened the door and fell out, adding he was "under the weather." Defendant denied stealing any tires and, specifically, that the tires found in his car were stolen by him. Likewise, he denied the statements attributed to him by officers Duffy and Anderson. Ownership of a maroon-colored Oldsmobile with white wall tires was admitted.

On rebuttal, a police officer present when defendant was brought into the station testified that he appeared to have been drinking, but that he was not intoxicated and answered questions very intelligently.

A stipulation discloses that defendant is the same person who, under the name of John Ruff, was, on April 17, 1930, sentenced by the criminal court of Cook county to the penitentiary for the crime of robbery.

To obtain a reversal, defendant insists that his arrest and the subsequent search of his person and automobile, without a search warrant, were illegal, and, hence, that his motion, made prior to the commencement of the trial, to suppress the evidence relating to tires and other articles taken from his automobile by the police officers should have been sustained. He contends that they had no knowledge of the commission of any crime, and stopped, searched and arrested him merely "on suspicion that he might be involved in something." Based on the asserted illegality of the search, it is urged that all of the testimony with respect to the presence of the tires and golf clubs in the trunk of defendant's car was erroneously admitted. Upon the hearing of the motion to suppress, defendant testified that at the time his car was stopped he and Levine were driving about twenty-five miles an hour and were not violating any State laws or city ordinances, and that the arresting officers had no warrant either for his arrest or for the search of the automobile. Defendant stated that when he entered

the car, upon leaving the tavern, he did not see the tires or golf bags in the rear. On the other hand, uncontroverted testimony disclosed that the officers, at the time of defendant's apprehension, were seeking two men reported by radio to have been tampering with a car, which is a misdemeanor. (Ill. Rev. Stat. 1941, chap. 38, par. 439.) Approaching the neighborhood described in the radio message, the officers' attention was attracted by an automobile being operated without lights. Section 103 of the Uniform Act Regulating Traffic on Highways, (Ill. Rev. Stat. 1941, chap. 95½, par. 200,) provides that a motor vehicle shall have two lights, white or amber, in front, and one red light in the rear, while being driven on the highway during the period from sunset to sunrise. Section 137 makes a violation of this provision a misdemeanor.

The constitutional guaranties invoked by defendant apply only to unreasonable searches and seizures. (*People* v. *Bain,* 359 Ill. 455; *People* v. *Marvin,* 358 Ill. 426; *People* v. *Reid,* 336 Ill. 421.) Although arrests upon bare suspicion are not permitted under the law, (*People* v. *Brewer,* 355 Ill. 348,) where an arrest is made by an officer having reasonable ground for believing the person arrested is implicated in a criminal offense, the officer has a right to arrest without a warrant and to search the person arrested without a search warrant. (*People* v. *Swift,* 319 Ill. 359.) The term "criminal offense" includes misdemeanors as well as felonies. (*People* v. *Ford,* 356 Ill. 572.) To justify an arrest by an officer without a warrant, his ground for belief that the person arrested is guilty of a criminal offense must be such as would influence the conduct of a prudent and cautious man under the circumstances. (*People* v. *Exum,* 382 Ill. 204; *People* v. *Kissane,* 347 Ill. 385.) The violation of the Uniform Act Regulating Traffic on Highways was itself sufficient to warrant officers Rosensweig and Epperly in stopping defendant's automobile and, if necessary, placing its occu-

pants under arrest. Coupled with this statutory violation was the fact that the police had been informed by radio that two men had been seen tampering with a car at 6140 North Hamilton avenue. Defendant's car was stopped within two blocks of the location of the reported tampering. One of the men escaped and the other, the defendant, fell out and was arrested. The suspicious conduct of the defendant and Levine, particularly the operation of defendant's car in violation of the law, together with the actual knowledge of the perpetration of a criminal offense, furnished ample basis for the investigation which resulted in finding the stolen property. Moreover, defendant asserted no claim of ownership of the articles found in his automobile, constituting the subject matter of the motion to suppress. He is, accordingly, not in a position to complain either of their seizure or use in evidence against him. *People* v. *Exum*, 382 Ill. 204.

The contention that proof of the theft from the complaining witnesses of the articles described in the indictments was insufficient is without merit. Gaenzle and Mose testified to having identified, by number, their motor vehicle tires found in defendant's automobile, and their unexplained presence tended to sustain the charges of larceny of the tires. The facts and circumstances recounted and, in particular, the undisputed proof that tires belonging to the complaining witnesses were found in defendant's automobile when he was arrested in a neighborhood seven or eight miles from his residence at a very early hour proclaim his guilt.

Defendant attacks the following oral pronouncement of the trial judge made at the conclusion of the evidence: "Finding of guilty in manner and form as charged in each indictment. Ten years in the penitentiary on each case, the sentences to run concurrently." The finding of the court as it appears in the common-law record adjudged defendant guilty of the crime of stealing a motor vehicle

tire and of a prior conviction of the crime of robbery. The record imports verity and cannot be contradicted except by other matter of record by or under the authority of the court. (*People* v. *DeLisle,* 374 Ill. 437.) Since the record of the criminal court must be accepted as it was made, the oral statement of the trial judge made in contradiction of the record does not afford a legitimate basis of impeachment of the judgment orders.

Finally, defendant assails the judgments sentencing him to imprisonment in the penitentiary for fixed terms of ten years. The indictment charged and the trial judge found that the prior conviction of defendant was for robbery, a crime included within the provisions of section 1 of the Habitual Criminal Act. (Ill. Rev. Stat. 1941, chap. 38, par. 602.) Larceny of a motor vehicle tire is not one of the offenses so designated. Larceny of a motor vehicle, it has been decided, is a substantive offense separate and distinct from grand larceny, a crime enumerated in section 1. (*People* v. *Parker,* 356 Ill. 301; *People* v. *Crane,* 356 Ill. 276.) It follows necessarily that a conviction of larceny of a motor vehicle tire, without a finding with respect to the value of the tire taken, does not constitute a conviction of the crime of grand larceny. The judgment finding defendant guilty on the count in each indictment charging him with the larceny of the motor vehicle tire without reference to the counts charging grand larceny and receiving stolen property was equivalent to an acquittal on those counts. Since defendant's conviction in each cause was for an offense not specifically enumerated in the first section of the Habitual Criminal Act, the court erred in sentencing defendant to imprisonment in the penitentiary for determinate terms of ten years instead of indeterminate terms of from one to ten years. *People* v. *Smithka,* 356 Ill. 624.

A prior conviction is no ingredient of the principal offense charged but is merely matter of aggravation going

solely to the punishment to be imposed. (*People* v. *Atkinson*, 376 Ill. 623.) A motion to quash the counts in the respective indictments alleging defendant's former conviction could not have been sustained with a count present in each indictment charging grand larceny. Defendant does not claim prejudice by the presence of the habitual criminal counts nor by the introduction in evidence of his prior conviction of robbery. Had the trial judge found defendant guilty of grand larceny, a finding warranted by the proof, instead of the crime of larceny of a motor vehicle tire, the sentences under the Habitual Criminal Act would have been proper. The single error in sentencing defendant to imprisonment for determinate rather than indeterminate terms, upon the record made, does not require a remandment for a new trial.

The judgments are reversed and the causes remanded to the criminal court of Cook county, with directions to enter a proper judgment in each cause.

*Reversed and remanded, with directions.*