(No. 27846.—

THE PEOPLE OF THE STATE OF ILLINOS, Defendant in Error, *vs.* OTTO FRENCH, Plaintiff in Error.

*Opinion filed May 16, 1944.*

CHARLES S. THOMAS, of Rockford, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and MAX A. WESTON, State's Attorney, of Rockford, (WILLIAM H. GATES, of Rockford, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error has sued out a writ of error to the circuit court of Winnebago county upon the common-law record of his conviction, in April, 1929, and sentence to the penitentiary. The crime alleged in the indictment is stealing and carrying away one Buick Master Six Sedan of the value of $400. The indictment is endorsed "For larceny of motor vehicle." The plea was guilty to the charge in the indictment and the finding of the court "defendant is guilty of Larceny of Motor Vehicle as charged in the indictment." The judgment entered by the court is as follows: "That the said Defendant Otto French * * * who is convicted of the crime of Larceny of Motor Vehicle herein, be sentenced to the Reformatory of this State, at Pontiac; * * * and the said Superintendent is hereby required and commanded to take the body of the said defendant * * * and confine him in said Reformatory * * * from and after the delivery thereof until discharged by due course of law, provided such term of imprisonment * * * shall not be less than the minimum term, nor exceed the maximum term for the crime for which the said Defendant was herein convicted and sentenced, to-wit: not less than one year, nor more than twenty years, subject to the Department of Public Welfare."

The contention of plaintiff in error is that said judgment on its face discloses that it is a conviction of the crime of grand larceny and not a conviction of the crime of stealing a motor vehicle, and that since the punishment for the former crime under the statute is a maximum sentence of ten years in the penitentiary, (Ill. Rev. Stat. 1943, chap. 38, par. 389,) and for the latter a maximum term of twenty years, (Ill. Rev. Stat. 1943, chap. 38, par. 388a,) manifest error appears upon the face of the record requiring a reversal of the judgment.

18

The contention of the People is that the indictment was sufficient to sustain a judgment either of grand larceny or of a crime of larceny of a motor vehicle, and that our former decisions holding that an indictment for larceny of a motor vehicle alleging value is an indictment for grand larceny should be modified or overruled. It is further contended the facts in this case can be distinguished from the facts appearing in former cases decided by this court, and that they do not disclose plaintiff in error was indicted, pleaded guilty and was convicted of the crime of grand larceny, as asserted by plaintiff in error.

In the cases of *People* v. *Crane,* 356 Ill. 276, *People* v. *Parker,* 356 Ill. 301, and *People* v. *Smithka,* 356 Ill. 624, the question arose upon convictions under the Habitual Criminal Act as existing prior to 1941. (Ill. Rev. Stat. 1939, chap. 38, par. 602.) In all of these cases it was held the crime of stealing a motor vehicle was a different offense than grand larceny; hence conviction of stealing a motor vehicle did not justify punishment under the Habitual Criminal Act when there was a subsequent conviction of another felony.

In *People* v. *Crane* the automobile stolen was alleged to have a value of $2500, and the defendant had previously been convicted of grand larceny. The judgment of conviction sentenced him for the theft of the motor vehicle for a period not exceeding the maximum term provided by law. We held that under these facts defendant was convicted of the crime of grand larceny, and hence, as an habitual criminal, should be sentenced as such under the provisions of the statute. In *People* v. *Parker,* the indictment was for burglary, alleging a previous conviction, which was for the theft of a motor vehicle of the value of $150. The defendant was sentenced as an habitual criminal to life imprisonment, and we held the judgment should be reversed because the conviction of theft of a motor vehicle did not constitute grand larceny, and hence

not one of the enumerated prior convictions bringing the defendant under the Habitual Criminal Act. It will be noticed there is an inconsistency between these two cases in that the *Crane case* held the indictment for stealing a motor vehicle charged grand larceny, justifying a sentence as an habitual criminal, while the *Parker case* held the sentence as an habitual criminal could not be sustained because the prior conviction was of motor-vehicle stealing instead of grand larceny. The point that the indictment charged grand larceny was not raised in the *Parker case,* and thus is only relevant here as holding grand larceny and larceny of a motor vehicle are separate offenses.

In the case of *People* v. *Smithka* the indictment contained two counts, the first of which charged the theft of a motor vehicle, and the second the larceny of an automobile of the value of $150, and also charged a former conviction of grand larceny. The jury found him guilty of the crime of the larceny of a motor vehicle fixing no value, and also that he had been previously convicted, and he was accordingly sentenced to the penitentiary for the term of twenty years. The court held that the absence of a finding of value by the jury made the crime for which he was convicted theft of a motor vehicle and not grand larceny, and therefore the sentence as an habitual criminal was invalid in fixing a term of twenty years, and that the cause should be remanded and the defendant sentenced to the penitentiary for an indeterminate period.

While the facts in these three cases are different, there is a uniformity in the holding that the crime of stealing a motor vehicle is a different crime from grand larceny, and where the value of the automobile stolen is alleged in the indictment and found by the jury or the court, the conviction is of grand larceny. It is to be observed in the *Smithka case* there were two distinct charges, one of which authorized the jury to find the defendant guilty of either the larceny of the automobile, or grand larceny. As

pointed out, all three of the cases just mentioned arose in construing the Habitual Criminal Act.

In *People* v. *Stacey*, 372 Ill. 478, the Habitual Criminal Act was not involved. The indictment charged the larceny of a motor vehicle of the value of $150. A plea of guilty was held to be an admission he had stolen a motor vehicle of that value, and in the judgment it is also found that the property stolen had a value of $150; but the judgment did not recite that the subject of the theft was a motor vehicle, and we there said: "The allegation in the indictment of the value, and the fact that there was a judicial determination fixing the value, which is incorporated in the judgment clearly establishes the conviction was for grand larceny." In that case the judgment committed the defendant to the penitentiary for an indeterminate period and until discharged by law. The warrant of commitment, however, provided imprisonment for a period of one to twenty years. We held that the warrant of commitment was not a part of the record, and that therefore the judgment of the court sufficiently identified the crime whereof the defendant stood convicted as grand larceny, the penalty of which was one to ten years, which is written into the judgment by operation of law, (*People* v. *Wood*, 318 Ill. 388,) and under such a state of facts the warrant should conform to the judgment, and that, if it does not follow it, a good warrant may be substituted at any time.

In *People* v. *Brown*, 383 Ill. 287, the indictment charged the stealing of an automobile of the value of $500. Defendant pleaded guilty to larceny in manner and form as charged in the indictment. The court found the value of the property stolen to be $195, and sentenced the defendant to the penitentiary for an indeterminate term of from one to twenty years. We held the indictment was insufficient to charge the conviction of stealing a motor vehicle, but was sufficient to charge the crime of grand larceny, and

that therefore the sentence was excessive, and since the *mittimus* was issued on the date of conviction, which was more than ten years prior to the filing of the writ of error, the maximum sentence had been served, and the cause was reversed without a remanding order. The two last cases did not involve conviction under the Habitual Criminal Act but passed directly upon the question whether the indictment and judgment operated as a conviction of grand larceny or of stealing a motor vehicle.

It is to be noted that all of these cases determine that stealing a motor vehicle is a different offense from that of grand larceny, and that the finding of value is the distinction between the offenses. If the indictment charges stealing a motor vehicle, without specifying the value thereof, it comes under the act constituting larceny of a motor vehicle as a separate offense, since value is not material to the commission of the offense. If the article described in the indictment as stolen is a motor vehicle, and value is fixed at $15 or more, the offense constitutes grand larceny.

The present case presents slightly different facts. The indictment consisted of one count, and the value of the motor vehicle was set out in the indictment. The judgment finds plaintiff in error was convicted of the crime of larceny of a motor vehicle, and fixes a maximum sentence of twenty years in the reformatory, but does not make a finding of the value of the automobile. The facts are identical in all respects with *People* v. *Brown,* except in the *Brown case* the judgment fixed the value.

Therefore the question arising, as suggested by counsel for the People, is whether a conviction for either grand larceny or for stealing a motor vehicle may be justified, depending upon whether the judgment or verdict recites or fails to recite the finding of value. Counsel for the People contend that an indictment specifying the theft of a motor vehicle by fixing a value thereon in effect is a

charge of two crimes, and that if value is found it constitutes grand larceny; if there is a failure to find value it constitutes motor theft, and a plausible argument is set out in the brief to justify such a claim. We do not believe this claim can be justified under our previous holdings differentiating the crime of stealing a motor vehicle from that of grand larceny. They are two separate offenses.

The People have the right to indict for theft of a motor vehicle as grand larceny by specifying a value. If the value is not specified in the indictment the proof of the theft of a motor vehicle of any value, be it great or small, brings it specifically within the statute fixing a more severe penalty. The defendant is entitled to know the charge against him, especially in cases where a plea of guilty is entered. He is bound to be seriously interested in whether the maximum term of his imprisonment is ten or twenty years. If the indictment charges grand larceny and the plea is guilty as charged therein, the judgment of the court necessarily sentences him for the crime alleged. In both the *Stacey* and *Brown cases* the indictment was identical in form as that in the present case. In both of these cases we held the indictment charged grand larceny. The judgment of the court in these two cases found the value of the property stolen. There is no finding of value in the present case.

The plea of defendant was "guilty to the charge in the indictment." The statute provides that after defendant persists in pleading guilty "such plea shall be received and recorded, and the court shall proceed to render judgment and execution thereon as if he had been found guilty by a jury." (Ill. Rev. Stat. 1943, chap. 38, par. 732.) The statute does not require that the offense whereof the defendant stands convicted be described in the judgment. (*Hoch* v. *People*, 219 Ill. 265; *People* v. *Hartsig*, 249 Ill. 348; *People ex rel. Hutchinson* v. *Murphy*, 188 Ill. 144.) A plea of guilty by the defendant admits all of the ele-

ments of the crime with which he is legally charged. (*People* v. *O'Brien,* 306 Ill. 340; *People* v. *Hartsig,* 249 Ill. 348; *People* v. *Murphy,* 188 Ill. 144.) The crime legally charged in this case was grand larceny, and upon a plea of guilty as charged in the indictment defendant should be sentenced for the crime of grand larceny. The insertion in the judgment by the court designating the crime as that of larceny of a motor vehicle was unnecessary, and could not be imposed under the indictment, nor was it necessary for the judgment to find the value of the property stolen, when it had been confessed by the defendant's plea of guilty.

The circuit court committed error in sentencing plaintiff in error to the reformatory for a period of from one to twenty years. The judgment should have been not less than one nor more than ten years. There is no question involved requiring a new trial. The judgment was entered in this case almost fifteen years ago, when defendant was nineteen years of age, and required the sheriff to execute it by delivering the defendant to the reformatory within thirty days. It is to be presumed the judgment of the court was carried out at that time. Since presumably the defendant has been incarcerated for more than the maximum term of ten years, to which he should have been sentenced under a plea of guilty to grand larceny, in accordance with our views in *People* v. *Brown,* 383 Ill. 287, it becomes unnecessary to remand the cause. Under the facts disclosed remandment for resentencing is not required.

In view of the foregoing the judgment of the circuit court of Winnebago county is reversed and the cause will not be remanded. *Judgment reversed.*