(No. 27942.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH SOBUCKI, Plaintiff in Error.

*Opinion filed September 19, 1944.*

JOSEPH SOBUCKI, *pro se.*

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

An indictment, the first, second and fourth counts of which charged the larceny on November 16, 1942, of a motor vehicle, and the third, the larceny on the same day

of one automobile of the value of $200, was returned against the defendant, Joseph Sobucki, in the criminal court of Cook county. Defendant pleaded not guilty and waived a trial by jury. He was found guilty of the crime of larceny of a motor vehicle in manner and form as charged in the indictment. No finding with respect to the value of the vehicle taken was made. Defendant was sentenced to the penitentiary for an indeterminate term of from one to twenty years' imprisonment. Sobucki prosecutes this writ of error.

Defendant appears *pro se.* No bill of exceptions has been filed. On the back of the indictment is the printed endorsement "Indictment for Larceny, etc." Defendant mistakenly assumes that he was indicted and sentenced to imprisonment for the crime of "larceny, etc." The caption upon which he places reliance does not charge defendant with the perpetration of any offense. Recourse to the body of the indictment discloses he was charged with two crimes, namely, larceny of a motor vehicle and grand larceny. Of these, the court found him guilty of the first and rendered judgment accordingly.

The principal issue presented for decision is the propriety of the judgment sentencing defendant to imprisonment in the penitentiary for a period not less than one nor more than twenty years, the punishment prescribed for conviction of the offense of larceny of a motor vehicle. (Ill. Rev. Stat. 1943, chap. 38, par. 388a.) The gist of defendant's contention is that since the indictment charged the larceny of an automobile of the value of $200, he should have been sentenced to a term of from one to ten years' imprisonment, the penalty for grand larceny. (Ill. Rev. Stat. 1943, chap. 38, par. 389.) It is true, as defendant points out, that larceny of a motor vehicle is a substantive offense separate and distinct from grand larceny, the finding of value being the distinction between the two crimes. (*People* v. *French, ante,* p. 16; *People* v. *Barg,*

384 Ill. 172; *People* v. *Brown,* 383 Ill. 287; *People* v. *Stacey,* 372 Ill. 478; *People* v. *Smithka,* 356 Ill. 624, *People* v. *Parker,* 356 Ill. 301, *People* v. *Crane,* 356 Ill. 276.) The indictment, as recounted, charged defendant with both the larceny of a motor vehicle and grand larceny. The judgment finding him guilty of the larceny of a motor vehicle in manner and form as charged in the indictment, without reference to the count charging grand larceny, was equivalent to an acquittal on the latter count. (*People* v. *Barg,* 384 Ill. 172, *People* v. *Smithka,* 356 Ill. 624.) In short, the absence of a finding of value makes the crime for which he was convicted theft of a motor vehicle, and not grand larceny. In the absence of a bill of exceptions, the presumption obtains that the evidence was sufficient to warrant the finding of guilty under the counts charging larceny of a motor vehicle and the judgment rendered. (*People* v. *Bertrand,* 385 Ill. 289.) It follows, necessarily, that the sentence imposed is correct.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*