(No. 28420.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROLLIE HUBER, Plaintiff in Error.

*Opinion filed January 17, 1945.*

FRANK J. FERLIC, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and JOSEPH A. POPE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

On May 16, 1930, an indictment was returned in the criminal court of Cook county against Rollie Huber, plaintiff in error, herein referred to as defendant, charging him with the theft of a motor vehicle of the value of $400, the personal property and goods of one Stephen J. Evers. On May 20, 1930, the defendant was arraigned and entered a plea of not guilty. However, after the cause was continued several times, the defendant, on July 15, 1930, by leave of court, withdrew his former plea and entered a plea of guilty. He was sentenced on this plea to the Illinois State Reformatory at Pontiac, Illinois, for a term of not less than one nor more than twenty years. The writ of error brings here only the common-law record.

It is plain the indictment to which he entered a plea of guilty charges an offense under section 167 of the Criminal Code. (Ill. Rev. Stat. 1943, chap. 38, par. 387.) The penalty for such an offense, where the value of the property stolen exceeds $15, is imprisonment in the penitentiary for not less than one nor more than ten years. It can readily be seen the court sentenced the defendant under section

168a, (Ill. Rev. Stat. 1943, chap. 38, par. 388a,) which carries with it a penalty of one to twenty years.

This court has previously held that stealing a motor vehicle is a different offense from that of grand larceny and that the finding of value is the distinction between the offenses. If the indictment charges stealing a motor vehicle without specifying the value thereof, it comes under the act constituting larceny of a motor vehicle as a separate offense, since the value is not material to the commission of the crime. If the article described in the indictment as stolen is a motor vehicle and the value is fixed at $15 or more, the offense constitutes grand larceny.

It is urged by the People in this case that the real offense was the stealing of the automobile; that there could be no doubt that the legislature intended to make the punishment for the stealing of an automobile more severe than the stealing of ordinary articles, and that the mere fact that the value is alleged would in nowise change this intention; that the allegation of value could be clearly ignored as surplusage since the gist of the offense is the stealing of the automobile. On the question of surplusage, they cite the case of *People* v. *Boer, 262* Ill. 152, where this court held that where the allegation is not necessary it need not be proved. We do not see how this case could be controlling here in view of the distinction this court has made between the charge of grand larceny of an automobile where the value is alleged and where the charge is merely stealing an automobile.

This court, in the case of *People* v. *French,* 387 Ill. 16, held that an indictment which charges stealing a motor vehicle without specifying the value thereof charges a separate offense and the value is not material to its commission, while an indictment charging theft of a motor vehicle, fixing its value at more than $15, charges grand larceny. In the case at bar, we have an indictment charging theft of a motor vehicle of the value of $400. This is a sepa-

rate and distinct charge of grand larceny. Certainly, under the view heretofore taken by this court, the allegations of value could not be taken as surplusage. Ample authority has been found in support of this court's holding that the crime of stealing a motor vehicle is a different offense from that of grand larceny. In the cases of *People* v. *Crane,* 356 Ill. 276, *People* v. *Parker,* 356 Ill. 301, and *People* v. *Smithka,* 356 Ill. 624, the question arose upon convictions under the Habitual Criminal Act ·as it existed prior to 1941. (Ill. Rev. Stat. 1939, chap. 38, par. 602.) In all of these cases it was held the crime of stealing a motor vehicle was a different offense from that of grand larceny; hence conviction of stealing a motor vehicle would not justify punishment under the Habitual Criminal Act when there was a subsequent conviction of another felony. In the instant case, there was no finding of value but it is plain in the indictment that the defendant is charged with stealing a motor vehicle of the value of $400, to which he entered a plea of guilty. The statute provides that after defendant persists in pleading guilty "such plea shall be received and recorded, and the court shall proceed to render judgment and execution thereon as if he had been found guilty by a jury." (Ill. Rev. Stat. 1943, chap. 38, par. 732.) The statute does not require that ·the offense whereof the defendant stands convicted be described in the judgment. (*People* v. *French,* 387 Ill. 16; *Hoch* v. *People,* 219 Ill. 265; *People* v. *Hartsig,* 249 Ill. 348; *People ex rel. Hutchinson,* v. *Murphy,* 188 Ill. 144.) A plea of guilty by the defendant admits all of the elements of the crime with which he is legally charged. (*People* v. *French,* 387 Ill. 16; *People* v. *O'Brien,* 306 Ill. 340; *People* v. *Hartsig,* 249 Ill. 348; *People* ·v. *Murphy,* 188 Ill. 144.) Defendant in this case was charged with grand larceny, and under his plea should have been sentenced for that crime. It was not necessary for the judgment to find the value of the property stolen when it had been confessed

by the defendant's plea of guilty. The judgment should have been not less than one nor more than ten years, and the court erred in sentencing defendant to the reformatory for a period of from one to twenty years.

Since the judgment was entered in this case almost fifteen years ago, when defendant was seventeen years of age, and required the sheriff to execute it by delivering the defendant to the reformatory at Pontiac, Illinois, it is to be presumed the judgment of the court was carried out at that time. Since, presumably, the defendant has been incarcerated for more than the maximum term of ten years, to which he should have been sentenced under a plea of guilty of grand larceny, in accordance with our views in *People* v. *French*, 387 Ill. 16, and *People* v. *Brown*, 383 Ill. 287, it becomes unnecessary to remand the cause. Under the facts disclosed, remandment for resentencing is not required.

The judgment of the criminal court of Cook county is reversed and the cause will not be remanded.

*Judgment reversed.*