(No. 30587.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LEROY TAYLOR, Plaintiff in Error.

*Opinion filed September 24, 1948.*

LeRoy Taylor, *pro se*.

George F. Barrett, Attorney General, of Springfield, (Ross E. Millett, State's Attorney, of Sycamore, of counsel,) for the People.

Mr. Justice Wilson delivered the opinion of the court:

Three counts of an indictment returned in the circuit court of De Kalb County charged the defendant, LeRoy Taylor, *alias* LeRoy Thompson, *alias* John Thompson, with the larceny of an automobile having a value of $750. The fourth count charged the larceny of personal property of the value of $15 or less. Upon his plea of guilty to the crime of larceny of a motor vehicle in manner and form as charged in the indictment, defendant, on February 27, 1946, was sentenced to a term of not less than two nor more than ten years' confinement in the penitentiary. He was also sentenced to pay all the costs of the prosecution amounting to $23.23 and, in default of payment of these costs, to stand committed to the penitentiary until the costs shall have been fully paid or until he shall have been discharged according to law. Appearing *pro se,* defendant prosecutes this writ of error. No bill of exceptions has been filed.

Defendant makes the contentions, among others, that the trial judge erred in (1) accepting a plea of guilty to the crime of larceny of a motor vehicle; (2) finding him guilty of this crime; (3) imposing an erroneous sentence, and (4) committing him to the penitentiary in default of payment of costs.

The indictment is captioned "Larceny of a Motor Vehicle," and three of the four counts charge the larceny of an automobile valued at $750. The theft of a motor vehicle, it is established, is a different offense from grand

larceny, the finding of value being the distinction between the two criminal offenses. In short, the larceny of a motor vehicle is a substantive offense separate and distinct from grand larceny. (*People* v. *French*, 387 Ill. 16; *People* v. *Smithka*, 356 Ill. 624; *People* v. *Parker*, 356 Ill. 301; *People* v. *Crane*, 356 Ill. 276.) An indictment which charges stealing a motor vehicle, without specifying its value, comes under the act making larceny of a motor vehicle a separate crime, since value is not material to the commission of the offense. If, however, as here, the indictment alleges the theft of a motor vehicle, fixing its value at more than $15, the charge is grand larceny. *People* v. *French*, 387 Ill. 16; *People* v. *Barg*, 384 Ill. 172; *People* v. *Brown*, 383 Ill. 287; *People* v. *Stacey*, 372 Ill. 478; *People* v. *Smithka*, 356 Ill. 624.

The challenged indictment did not charge defendant with the larceny of a motor vehicle. His plea of guilty to this offense should not have been accepted, and it follows, necessarily, that the judgment finding him guilty of this particular crime was erroneous. The crime legally charged was grand larceny. Punishment for larceny of a motor vehicle carries minimum and maximum limits of imprisonment in the penitentiary of one and twenty years, respectively. (Ill. Rev. Stat. 1947, chap. 38, par. 388a.) Grand larceny is punishable by imprisonment of not less than one year nor more than ten years. (Ill. Rev. Stat. 1947, chap. 38, par. 389.) It may well be that had the indictment been properly captioned, defendant's plea of guilty made to the crime of grand larceny instead of to larceny of a motor vehicle, and the court's finding of guilty made to the lesser rather than to the greater offense, the punishment meted out would have been for a shorter minimum or maximum term of imprisonment, or both. The error was prejudicial in the extreme.

The prosecution admits that the trial court was in error in providing that, in default of payment of costs in the

amount of $23.23, defendant should be committed to the penitentiary until the costs shall have been fully paid. Section 2 of the Sentence and Parole Act (Ill. Rev. Stat. 1947, chap. 38, par. 802,) ordains: "No person shall by any court be committed to the penitentiary, to the reformatory for women, or to any other State institution for the recovery of a fine or costs." The portion of the judgment committing defendant to the penitentiary until the costs of the proceeding be paid is void.

The judgment of the circuit court of De Kalb County is reversed and the cause remanded for a new trial, the defendant to be advised of his right to be represented by counsel, conformably to Rule 27A, and permitted to withdraw his plea of guilty, if he so desires.

*Reversed and remanded.*