(No. 28211.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JACK BARG, Plaintiff in Error.

*Opinion filed March 21, 1945—Rehearing denied May 17, 1945.*

ELLIS & WESTBROOKS, and KIMBALL SMITH, (RICHARD E. WESTBROOKS, of counsel,) all of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was convicted in the criminal court of Cook county on consolidated charges of larceny of motor-vehicle tires and found to be an habitual criminal. He was sentenced to ten years in the penitentiary. On review of the case this court affirmed the conviction on the charges of larceny of motor-vehicle tires, but because of error in the sentences entered, reversed and remanded the cause for the entry of proper sentences. (*People* v. *Barg,* 384 Ill. 172.) Upon remandment, the trial judge, after hearing evidence and upon election by plaintiff in error, authorized by section 4 of the act in relation to construction of statutes, (Ill. Rev. Stat. 1943, chap. 131, par. 4,) entered judgment in each of the causes and imposed the sentences here complained of.

The errors here assigned are: (1) that the judgments originally entered were void and therefore cannot be made the basis of the imposition of new sentences; that to hold otherwise is contrary to the constitution of the State of Illinois and the Federal constitution; (2) that the new judgments are void for the reason that they fail to follow the statute in stating what portion of time plaintiff in error shall be confined in solitary confinement and what portion he shall devote to hard labor; and (3) that the judgments, which ordered that he be delivered to the Department of Public Safety, are void, as there is no statute authorizing the delivery of defendant to the Department of Public Safety.

In support of these contentions plaintiff in error's counsel argue that the judgment of this court in *People* v. *Barg,* 384 Ill. 172, which reversed the judgments and remanded the causes with directions to enter a proper sentence in each cause, was, in effect, a holding that the judgments entered were not erroneous but void, and, as the term of court at which the judgments were entered has expired, it follows that the criminal court was without jurisdiction to enter any judgment of conviction and sentence. If, as

contended by plaintiff in error, the judgments entered were void, there would be merit in his contention.

When the case was previously before this court, it came with the entire record and all errors assigned were considered and determined. It was found that the record contained but one error, that of sentencing plaintiff in error to imprisonment for determinate rather than indeterminate terms. It was held that such a ruling does not require remandment for a new trial. In other words, the finding of guilt by the court in the consolidated causes was affirmed, but, because of the entry of erroneous sentences, those judgments were reversed and the cause remanded with directions to enter proper sentences. In this it is seen that the trial court had jurisdiction of the subject matter and of plaintiff in error. He was found guilty upon trial. It was the duty of the trial judge to enter findings and judgments of guilt and to sentence him under such findings. Because the judgments and sentences were partially erroneous, the cause was remanded for the entry of a proper sentence in each case. The error of the trial court was one of procedure and not an error going to its jurisdiction. There is no merit in plaintiff in error's contention and it is not necessary to extend this opinion to review cases cited, nor to discuss the constitutional question of due process and equal protection of laws raised by him.

It is next argued that the judgments are void because they fail to follow the statute by designating therein what portion of his imprisonment shall be spent in solitary confinement and what portion at hard labor. He cites section 6a of Division XIV of the Criminal Code (Ill. Rev. Stat. 1943, chap. 38, par. 754a) in support of his contention that this sentence is void. That section specifically points out that it is applicable only to crimes or offenses to which certain provisions of the Sentence and Parole Act, as amended, are not made applicable. The case before us is not a case of that kind. Plaintiff in error was

not sentenced under section 6a mentioned above, but under section 2 of the Sentence and Parole Act, (Ill. Rev. Stat. 1943, chap. 38, par. 802,) which provides that, except for the crimes enumerated in section 1 of the act, (misprision of treason, murder, rape or kidnapping,) the courts imposing the sentence shall fix the minimum and maximum limits or duration of imprisonment. There is nothing in that section which provides that the court shall designate any portion of the time that the offender shall be sentenced to solitary confinement or to hard labor. Moreover, it is difficult to see how plaintiff in error can complain of an omission of that sort on the part of the trial court, even though it was error, which it was not.

Plaintiff in error also argues that as the judgments directed that he be delivered to the Department of Public Safety, they were void, since there is no statute authorizing the court to deliver him to that Department. Under section 1 of the Penitentiary Act of 1933, (Ill. Rev. Stat. 1943, chap. 108, par. 105,) penitentiaries, reformatories, and asylums for insane criminals are all consolidated into a single institution to be known as the Illinois State Penitentiary. Section 3 of that act requires that sentences be made to the penitentiary generally and the Department of Public Safety shall have power to assign the committed person to the division of the penitentiary system appropriated to his class. The Department having power to determine the penitentiary to which plaintiff in error is to be confined, it follows that while it is necessary that he be sentenced to the penitentiary, he was so sentenced and the sheriff ordered to take him to the penitentiary and deliver him to the Department of Public Safety. No error has intervened in that regard. *People* v. *Mikula,* 357 Ill. 481.

There is no error in the record and the judgments of the criminal court will be affirmed.

*Judgments affirmed.*