(No. 31792.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* THOMAS J. DALTON, Plaintiff in Error.

*Opinion filed March 22, 1951.*

THOMAS J. DALTON, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, WILLIAM J. McGAH, JR., CHARLES W. CORCORAN, RUDOLPH L. JANEGA, and ARTHUR J. MANNING, all of Chicago, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

Plaintiff in error, designated herein as defendant, was indicted and convicted in the criminal court of Cook County on six separate and distinct charges for armed robbery, and one for an assault to rob. He presents the common-law record, which shows that on the armed-robbery indictments he was sentenced to the penitentiary for a term of one year to life, and on the assault to rob from one to fourteen years. All sentences were ordered to run concurrently. He comes here on a writ of error to the criminal court, contending that the sentences entered on April 22, 1943, are void because they ordered and directed the "Department of Public Welfare" to take the body of the defendant and confine him in the penitentiary according to law instead of designating the "Division of Correction of the Department of Safety," to which Department said authority of the Department of Public Welfare was transferred by the statute of 1941.

It is true that under section 12 of the Penitentiary Act of 1933, (Ill. Rev. Stat. 1941, chap. 108, par. 116,) the Department of Public Safety is invested by law to exercise all the rights and powers theretofore vested in the Department of Public Welfare, and that such Department is given broad powers concerning the supervision and direction of all criminals who are inmates of the penitentiary. However, section 3 of the Penitentiary Act of 1933 (Ill. Rev. Stat. 1941, chap. 108, par. 107,) provides that all commitments shall be made to the penitentiary generally, and the Department of Public Safety shall have power to assign the committed person to the division of the penitentiary

system appropriated to his class. (*People* v. *Barg,* 390 Ill. 201.) The defendant here was definitely sentenced to the penitentiary. The sheriff of Cook County was commanded to take the defendant from the common jail of Cook County to the Illinois State Penitentiary, which he did, and defendant is now under confinement there, pursuant to law. The fact that the order further states that the body of the defendant shall be delivered to the Department of Public Welfare in nowise affects the validity of the sentence. *People* v. *Barg,* 390 Ill. 201; *People* v. *Mikula,* 357 Ill. 481.

Finding no error in the record, the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*